**L. C. BROWNING, Appellant,**

**v.**

**Joseph GOMEZ et al., Appellees.**

**No. 10723.**

Court of Civil Appeals of Texas.

Austin.

Feb. 10, 1960.

Rehearing Denied March 9, 1960.

Johnnie B. Rogers, Austin, Taylor & Taylor, Temple, for appellant.

Skelton, Bowmer & Courtney, Temple, for appellees.

ARCHER, Chief Justice.

This is an appeal from an order granting a summary judgment, and the prime question involved is whether there is present a material fact issue.

In 1953 E. L. Burton et al. sued L. C. Browning et al. for the title and possession of the church property and for $490 alleging that the church property and the money had been illegally conveyed to an independent church, and sought an injunction restraining Browning et al. from using and exercising control over the property of Wayman Chapel Methodist Church, which was granted.

In Browning v. Burton, 273 S.W.2d 131, er. ref., N.R.E., this Court in affirming the judgment went into detail as to the church's organization and to the proprietary and authority of the officers of the church in making sales of church property and referred to the Church Discipline as controlling the membership and no useful purpose can be had by a recitation of such.

On April 13, 1956, Browning filed his First Original Amended Petition against Gomez et al., alleging that he had been damaged by reason of the publication made by Gomez et al. of an alleged libelous statement on November 20, 1953, at the Annual Conference in which Browning was charged with embezzlement of funds belonging to

Wayman Chapel Methodist Church by fraudulent methods and misrepresentations causing a check for $490 to be drawn on a bank in Temple, Texas, for all of the funds of Wayman Chapel and appropriating such funds to his own use and benefit, and set out the alleged libelous articles in detail.

Joseph Gomez et al. filed an amended answer and cross action, but since the cross action was severed we do not set such allegations out.

Further answer was a general denial, and that the truth of the alleged libelous statements complained of by plaintiff is a matter that is res judicata and set out in the judgment in Cause No. 32,847, R. L. Burton v. L. C. Browning, a portion of which has been inserted hereinafter.

Further answer was that the charges were heard and considered by a Committee on Judiciary and in accordance with the rules and Discipline of the Church, and were ecclesiastical matters, and that the statements and charges were true and were made in the course of the church tribunal, made in good faith and without malice and were privileged; that the Minutes of the Conference were sold and distributed only to members of the church in good standing, and further that:

"Defendants allege that it is shown on the face of Plaintiff's petition that the charges and alleged libelous statements which he complains of herein were filed against him as an ordained minister of the African Methodist Episcopal Church by Rev. E. L. Burton, in accordance with the rules, regulations, laws, customs and discipline of said church, which charges are included in numbered paragraph II of Plaintiff's Second Amended Original Petition. Said Petition shows that the charges were heard and considered by the committee on judiciary of such church which proceeded to hear the evidence and found that the Plaintiff was guilty of all of said charges. That such committee was the tribunal duly vested by said church with the authority to investigate the charges, hear the evidence and render a decision. That the findings and report of such committee was approved by the church itself acting through the 70th Annual Session of the Central Texas Conference of the 10th Episcopal District of the African Methodist Episcopal Church, which upheld, ratified, approved and confirmed the findings and decision of its church tribunal, to-wit, the committee on judiciary, and entered such action on its official minutes and expelled the Plaintiff, L. C. Browning, *as a minister* of said church."

The defendants filed a motion for summary judgment, alleging that there is no genuine issue as to any material fact as shown by the pleadings, evidence and deposition on file and

"This is an action by the plaintiff against the defendants for damages based upon an alleged libel and slander which *plaintiff alleges defendants* committed against him in a church tribunal of the African Methodist Episcopal Church, of which plaintiff was a member, together with costs of Court, all as fully set forth in the Second Amended Original Petition of Plaintiff in this cause."

An affidavit made by M. H. VanHoose setting out the prior proceedings was attached to the motion. The affiant further stated:

"That the alleged defamatory words complained of by plaintiff in this case were made in the course of a church tribunal of the 70th Annual Session of the Central Texas Conference of the Tenth Episcopal District of the African Methodist Episcopal Church, of which the plaintiff was an ordained minister and had been such for many years prior thereto. That said statements were made in the cour*t* of the Conference of said Church in conformity with the laws, rules, regula-

tions and discipline of the Church. That at the time said statements were made, the Church and the officers thereof had an interest in and a duty to perform concerning its membership, and had the power to control such membership and to expel or discipline them. That said statements were made in good faith and without malice toward the plaintiff, and were made in the course of said Church Conference and were made by persons who had an interest as officers of the Church and were made for the purpose of protecting such interest and in the discharge of a duty. That said statements and all things done with reference thereto, were privileged and were said and done without malice toward the plaintiff. That the minutes of said conference were sold and distributed only to members of said Church residing in said Tenth Episcopal District, and the same was done in good faith by people who had an interest in the same and without malice toward the plaintiff, and all things done with respect thereto were privileged."

A copy of the summary judgment in Cause No. 32,847 was attached to the motion.

Browning filed an answer and his affidavit in support of his opposition to the motion alleging that there is a fact question presented but he does not deny the truth of the alleged libelous charges or claim that the charges were uttered with malice toward him, but claimed that the statements were not privileged. In the affidavit Browning stated that the issue of the fraudulent embezzlement of the $490 was not before the Court for determination. The affidavit stated that Browning had tendered his resignation as a member of the AME Church on November 2, 1953, prior to the Church Conference. The affidavit stated:

"Plaintiff further represents to the Court that the Central Texas Conference of the Tenth Episcopal District of the African Methodist Episcopal Church held in Waco, Texas, on November 18, through November 22, 1953, and there in the Conference, Reverend Joseph Gomez was instrumental in having libelous and malicious charges preferred against the plaintiff, which read as follows:

" 'In re: Rev. L. C. Browning November 20, 1953

" 'We, your Committee, submit the following as our report on the above named, Rev. L. C. Browning, a member of this Conference.

" 'We have had under investigation certain charges against Rev. L. C. Browning, as follows:

" '(A) Improper Ministerial Conduct, consisting of the following acts: Fraudulent attempt to convey the real property owned by Wayman Chapel AME Church, Temple, Texas, to the Independent Episcopal Church of Houston, Texas; and the misapplication of funds belonging to Wayman Chapel AME Church, Temple, Texas, in the sum of $490.00.

" '(B) Refusal to be governed by the Discipline of the A.M.E. Church and failure to faithfully discharge his duties as the pastor of Wayman Chapel AME Church (A copy of said charges being attached hereto and marked Exhibit A).

" 'We, the committee find that the Rev. L. C. Browning has fled from trial. The Committee therefore, proceeded to hear the evidence and find that the accused is guilty of all of the aforesaid charges.

" 'We therefore recommend that Rev. L. C. Browning be expelled from all official standing and from all rights and privileges of the AME Church;

and that his name be dropped from the Roll of this Conference.

" 'Respectfully submitted

" 'Committee on Judiciary
   " 'Rev. M. H. Vanhoose
   " 'Rev. J. L. Alexander
   " 'Rev. C. L. Boyd'

"Charges Against Rev. L. B. Browning (Exhibit A)

"Waco, Texas, November 18, 1953

"To the Seventieth Session of the Central Texas Annual Conference:

"I, Rev. E. L. Burton, an Elder in good and regular standing, and Presiding Elder of the Temple District, Central Texas, Conference, present the following charges against Rev. L. C. Browning, an Elder and member of this Conference, and allege as follows:

"Charges

"I. Improper Ministerial Conduct, consisting of the following acts:

"(A) That Rev. L. C. Browning fraudulently attempted to convey and did fraudulently convey the property owned by Wayman Chapel A.M.E Church, Temple, Texas; and did fraudulently embezzle and misappropriate the sum of $490.00 of the funds belonging to the Wayman Chapel A. M.E. Church, Temple, Texas, on November 2, 1953.

"(B) That Rev. L. C. Browning refused and failed and still fails and refuses to be governed by the Discipline of the A.M.E. Church; and has failed and refused to faithfully discharge his duties as a traveling Elder of the A.M.E. Church."

The Court granted the defendant's motion for summary judgment finding that the pleadings, depositions and admissions on file, together with the affidavits and other documentary evidence, show an absence of genuine issue of any material fact.

The Court further found that the alleged libel had been found to be true in another case (Browning v. Burton, supra) and that plaintiff has admitted the truth of the alleged defamatory words, by his deposition on file in that case, and that the alleged defamatory words were made in the course of the Conference of the Church in conformity with the laws, rules and Discipline of the Church, and were made in good faith and without malice toward plaintiff.

In the summary judgment granted January 18, 1954, the findings were made that the deed executed on November 2, 1953, was "void" and "executed without consideration and in fraud of the rights of the members of Wayman Chapel AME Church of Temple, Texas" and an effort on the part of the persons, the defendants, to deprive Wayman Chapel and the members thereof of the church building property and premises without paying anything, and " * * * in violation of the rights of plaintiffs and as a fraud upon their rights. * * * "

■ We believe that the defamatory charges having been uttered in the course of a church tribunal proceeding are privileged, and, in the absence of malice, are not actionable. 27 Tex.Jur., Libel and Slander, Secs. 35, 36.

Appellant did not deny the purport of the affidavit of Mr. VanHoose to the effect that malice in the premises was nonexistent. Appellant was content to rest on his contention that the libelous statements, if untrue, were not privileged. The basis of this contention is that prior to the Church Conference on November 18, 1953, when appellant was disciplined, he had withdrawn his membership from the AME Church.

We quote from appellant's brief the following from the AME Discipline:

"When a preacher in good standing desires to withdraw to unite with another church, his ministerial orders shall be surrendered to the Annual

Conference and he shall be given a letter of recommendation to the church of his choice. When a preacher in good standing desires to resign from Ministerial Orders, he shall be given a Certificate of Honorable Dismission signed by the Presiding Bishop and Secretary of said Annual Conference.

"In the interim between sessions of the Annual Conference should a preacher desire to withdraw, he shall deposit with the Presiding Bishop or his Presiding Elder a letter of withdrawal or his Ministerial Orders or both. They shall be presented to the next session of the Annual Conference for action thereon."

■ Appellant did not surrender his Ministerial Orders. He merely withdrew from the church. We believe these rules of discipline clearly involve and depend upon the prerequisite that the preacher be "in good standing" and that this issue was within the jurisdiction of the church authorities when the Convention met in November and that appellant's Ministerial Orders then outstanding were properly made the subject of inquiry at such time.

■ What we have said is in accord with the holding in International & G. N. R. Co. v. Edmundson, Tex.Com.App., 222 S. W. 181, 183. There the court said:

"When a communication is fairly made by one in the discharge of a public or private duty, legal, moral, or social, of perfect or imperfect obligation, or in the conduct of his own affairs, to one who has a corresponding interest or duty to receive such communication, the occasion is privileged. Missouri Pac. Ry. v. Richmond, 73 Tex. 568, 11 S.W. 555, 4 L.R.A. 280, 15 Am.St.Rep. 794; Toogood v. Spyring, 1 C.R.M. & R. 181; Somerville v. Hawkins, 10 C.B. 183; 18 Halsbury, Laws of England, § 1263.

"From the falsity of the charge or imputation, unless the occasion is privileged, malice is inferred. This inference arises from the fact that no motive other than malice appears. If the occasion is privileged, a proper and sufficient motive is shown; and thereby the inference of malice is repelled, and in lieu thereof the presumption obtains that the communication was made in good faith. It then devolves upon the plaintiff to establish, by evidence other than the falsity of the charge or imputation, that malice in fact existed. Bradstreet Co. v. Gill, 72 Tex. 115, 9 S.W. 753, 2 L.R.A. 405, 13 Am. St.Rep. 768; Lewis v. Chapman, 16 N. Y. 369; Klinck v. Colby, 46 N.Y. 427, 7 Am.Rep. 360; Denver Pub. Warehouse Co. v. Holloway, 34 Colo. 432, 83 P. 131, 3 L.R.A.,N.S., 696, 114 Am. St.Rep. 171, 7 Ann.Cas. 840."

We believe that the Trial Court was justified in granting the summary judgment.

The judgment of the Trial Court is affirmed.

Affirmed.