**Virgil C. MOORE, Appellant,**

**v.**

**Marie E. MATHIS et al., Appellees.**

**No. 3816.**

Court of Civil Appeals of Texas.

Eastland.

June 28, 1963.

Rehearing Denied July 19, 1963.

Abney, Howell, Abramson & Burleson, Phil Burleson, Dallas, for appellant.

Fritz and Vinson, Edward R. Vinson, Dallas, for appellees.

GRISSOM, Chief Justice.

On October 12, 1962, Virgil C. Moore sued Marie E. Mathis and the Sheriff of Dallas County to enjoin enforcement of a default judgment obtained by Mathis against Moore on June 23, 1961 and for a bill of review. The court refused to try the bill of review on its merits and, after a hearing, denied an injunction. Moore has appealed.

Appellant's first point is that the default judgment was either an interlocutory order in the main case or a void judgment in the severed case and, therefore, the court erred in refusing to enjoin its enforcement. His second point is that the judgment is void because it violates the guarantees of due process of law accorded appellant by the Fourteenth Amendment to the Constitution of the United States and due course of law by Article 1, Section 19, of the Constitution of Texas, Vernon's Ann.St. His third point is that the court erred in denying appellant's bill of review without hearing evidence thereon.

In Mathis' trial petition in cause number 41754–A, styled Marie E. Mathis v. Signature Loans, Inc., et al., a copy of which was served on Moore on April 30, 1960, she alleged that Moore and other defendants had collected usurious interest from her and had used unreasonable collection efforts causing mental and physical suffering. Although cited, Moore did not answer. On June 16, 1961, Marie Mathis testified at a hearing on the default as to the financial transactions involved and to harassment.

On June 23rd, additional evidence was introduced concerning Moore's participation in the collection of usurious interest and unreasonable collection efforts. On June 23, 1961, the court severed plaintiff's cause of action against Moore from that against all other defendants, tried the severed cause, giving it number 41754–2–A and styling it Marie E. Mathis v. Virgil C. Moore, and rendered judgment for Mathis against Moore.

On October 31, 1961, Moore filed a motion to set aside the default judgment on the grounds that (1) it failed to dispose of all parties and issues; (2) the pleadings did not state a cause of action against Moore; (3) the judgment did not conform to the pleadings and (4) it purported to grant a severance when only an interlocutory decree was authorized by law. In the alternative, Moore alleged that (5) the severance deprived him of due process and due course of law and that (6) the judgment was void because there were no pleadings "in the severed cause" upon which a judgment could be based. A hearing was had on this motion on August 31, 1961, and it was then overruled. Moore excepted. On December 21, 1961, Moore and the other defendants in the original case filed, in case number 41754–2–A, a "joint and several, combined and separate", motion to set aside said default judgment against Moore, urging substantially the same grounds as in Moore's motion which had been overruled on August 31, 1961. This motion was overruled on June 20, 1962. The defendants excepted.

On October 12, 1962, Virgil C. Moore filed this suit alleging substantially the same grounds as those contained in said two motions. He prayed that Mathis and the Sheriff be enjoined from enforcing the default judgment. He did not ask that the default judgment be set aside. Ten days later Moore filed an amended petition, alleging substantially the same grounds and seeking only an injunction.

On November 8, 1962, Moore filed the pleading on which this case was tried. He

designated it as his second amended original petition "and bill of review." He alleged substantially the same grounds as theretofore but added general allegations of a meritorious defense and diligence. He prayed for an injunction preventing enforcement of an execution and, in the alternative, for a bill of review setting aside the default judgment of June 23, 1961, and that this cause be consolidated and tried with the main case. Appellees denied Moore's allegations and alleged that Moore's petition failed to state a cause of action; that he had failed to allege fraud, accident or mistake in procuring the default judgment, or diligence on his part in seeking to set it aside. Appellees further alleged that the validity of the default judgment had been adjudicated and that Moore's asserted cause of action was barred by limitation and laches.

In a trial to the court, it was held that, even if Moore had a meritorious defense to the default judgment, Moore had not alleged the essentials of a bill of review. Therefore, without hearing evidence upon Moore's alleged meritorious defense, the court, after hearing evidence, rendered judgment that Moore take nothing.

The default judgment here attacked as void reads as follows:

"NO. 41754–A

| | |
|---|---|
| "MARIE E. MATHIS, Plaintiff<br><br>Vs.<br><br>SIGNATURE LOANS, INC., ET AL Defendants | IN THE 14TH JUDICIAL DISTRICT COURT OF DALLAS COUNTY, TEXAS |

———◆———

"FINAL JUDGMENT

"On the 23rd day of June, 1961, came on to be heard the above entitled and numbered cause wherein Marie E. Mathis is the Plaintiff and Signature Loans, Inc., Signature Indorsement Company, Signature Indorsement Company, Finance Operating Company, Service Management Company, W. Lee Moore, Jr., Virgil C. Moore, Mid-Southern Service Company, Federal Mortgage Credit Company, Houston-American Finance Corporation and Houston-American Life Insurance Company, are Defendants, and came the Plaintiff and his attorney and announced ready for trial but came not Defendant, Virgil C. Moore, and the Court having found that the said Defendant, Virgil C. Moore was duly served with citation herein but failed to enter any appearance in this cause but wholly defaulted, and that Plaintiff's cause of action as to said defaulting Defendant should be severed for convenience of trial and for other reasons from Plaintiff's causes of action against the other Defendant; and the Court having found that Plaintiff's cause of action as to usury double damages is liquidated, but that Plaintiff's cause of action for actual damages for unreasonable collection contracts and for exemplary damages is unliquidated, and the Court having heard the evidence on the liquidated damages, and having heard the pleadings and arguments of counsel for Plaintiff, and such additional considerations and findings as were authorized by law having been had and made, and the Court being of the opinion that judgment should be rendered against said defaulting Defendant, as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that

Plaintiff's cause of action against Virgil C. Moore is hereby severed completely from all other causes of action herein, and shall hereafter be a separate cause entitled No. 41754-2-A, styled Marie E. Mathis v. Virgil C. Moore, whereas Plaintiff's causes of action against all other Defendants shall be a separate cause, number 41754-A, styled Marie E. Mathis v. Signature Loans, Inc., et al;

"IT IS FURTHER ORDERED that the motion of Plaintiff for judgment against Defendant, Virgil C. Moore, in No. 41754-2-A is granted, and that Plaintiff, Marie E. Mathis, do have and recover from Defendant, Virgil C. Moore, the sum of $271.20 usury double damages, the sum of $2500.00, actual damages, and the sum of $2000.00 exemplary damages, with interest on all said sums at the rate of 6% per annum from the date of this judgment, and that the said Defendant, Virgil C. Moore shall pay one fourth of the costs of court in Cause No. 41754-A accrued up to the time of this judgment, and an additional sum, comprising all costs in this Cause No. 41754-2-A accrued or to accrue at any time.

"As indicated by the above severance, this judgment is without prejudice to Plaintiff's causes of action against all other persons, companies and corporations against whom no recovery is herein awarded.

"All relief not specifically allowed against the Defendant in this severed cause which is not otherwise disposed of herein is hereby denied, and this judgment is final as to this severed cause, No. 41754-2-A.

"Let execution issue on this judgment.

"SIGNED this 23 day of June, 1961.

"SARAH T. HUGHES
"JUDGE."

Appellant says this judgment is interlocutory, notwithstanding its recitals to the contrary, because Texas R.C.P. 240 only authorizes an interlocutory order, and further, that it fails to dispose of all issues and all parties, as required by Texas R.C.P. 301. He argues that under Rule 301 the judgment cannot be final because it fails to dispose of all parties; that the judgment had to be rendered in case number 41754-A, because that was the case wherein the default occurred; that there is nothing in the record to justify a default judgment in case number 41754-2-A, and that there was no final judgment in number 41754-A because many parties and issues remain undisposed of in that case.

Appellant further contends that assuming a severance was accomplished, nevertheless, the default judgment in the severed case is void because it does not conform to the nature of the case pleaded, as required by Rule 301. He says that orders severing causes should direct that they be docketed under new numbers and the court should instruct the clerk to transfer to the new case the original, or copies, of the pleadings. Appellant says there was no order of severance in either case; that there was a failure to transfer any pleadings to the new case; that no evidence was heard in the severed case and, therefore, the judgment is void for lack of pleadings and evidence.

Severance of the cause of action against Moore from that against the remaining defendants was within the power and jurisdiction of the court. Even if such action were erroneous, the judgment was final and appealable. After learning of the judgment appellant had ample time to appeal by writ of error. Contrary to appellant's contention, the judgment disposed of all issues between appellant and appellees, the only parties to the severed cause, and it was a final and, therefore appealable judgment. It was not void. In Pierce v. Reynolds, 160 Tex. 198, 329 S.W. 2d 76, 78, the Supreme Court held that a

severance was not void because it divided an entire cause of action into two parts. It held that since the trial court had jurisdiction of the subject matter and parties, regardless of how erroneous the trial court's action in granting the severance may have been, it was within the judicial power of the court to determine that the cause was severable and to sever the same. It held that a judgment which fully adjudicates one of the severed causes is appealable, even though the entire controversy as it existed prior to the severance is not determined thereby. The court said that a judgment that possesses the attributes of finality cannot be regarded as interlocutory merely because the court erred in ordering a severance which it had the power to grant. We think the judgment of June 23, 1961, determined the controversy between appellant and Mathis, the only parties to the severed cause number 41754-2-A, and that Moore's legal remedy was a writ of error. The order was for a severance under R.C.P. 41, not for merely a separate trial. "A severance divides the lawsuit into two or more independent causes, each of which terminates in a separate, final and enforceable judgment." Kansas University Endowment Ass'n. v. King, (Tex.Sup.Ct.), 350 S.W.2d 11, 19. See Permian Mud Service, Inc. v. Sipes, Tex.Civ.App., 339 S.W.2d 81, 83.

In Danciger v. Smith, Tex.Civ.App., 286 S.W. 633, (Writ Ref.), Smith sued Danciger and Oriental Oil Company. The court severed the case as to the two defendants, docketed them separately and rendered judgment against Danciger. Danciger contended the court was without power to enter a final judgment because the other defendant was not disposed of. This contention was held to be without merit. In Boone v. Hulsey, 71 Tex. 176, 9 S.W. 531, it was held that when a severance is granted there may be more than one final judgment. See also Watson v. Watson, Tex.Civ.App., 270 S.W.2d 298, (Ref. N.R.E.).

It was essential that appellant allege and prove as a basis for a bill of review that he was prevented from timely asserting his defense in the default judgment proceeding by fraud, accident or the wrongful act of the opposing party, unmixed with any fault or negligence of his own. Smith v. Ferrell, (Tex.Com.App.), 44 S.W.2d 962, 963. Appellant's petition for a bill of review did not contain such allegations. It did not show that Moore was prevented from timely asserting his defense by fraud, accident or the wrongful act of Mathis, without fault or negligence on his part. It did not show that he diligently resorted to the legal remedy available to him. The record shows the contrary. The record shows that after appellant learned of the default judgment on August 21, 1961, he waited until November 8, 1962, before seeking a bill of review. For six months after June 23, 1961, appellant had the legal remedy of appeal by writ of error. If the judgment on its face, or as shown by the judgment roll, was void, as appellant contends, his available legal remedy of appeal by writ of error was adequate and effective. In Reynolds v. Volunteer State Life Insurance Company, Tex.Civ.App., 80 S.W. 2d 1087, (Writ Ref.), the insurance company obtained a default judgment against Reynolds. Reynolds learned thereof within six months but did not seek a writ of error. We held that to entitle a litigant to a bill of review he must allege and prove that he has exhausted all adequate legal remedies available to him. The legal remedy of a writ of error was available to appellant. Therefore, he could not allege or prove that essential of a bill of review. We are forced to the conclusion that appellant did not allege facts essential to a bill of review and that the court did not err in refusing the bill of review without hearing evidence thereon. Southern Surety Company v. Texas Oil Clearing House, (Tex. Com.App.), 281 S.W. 1045, 1047; Ruland v. Ley, 135 Tex. 591, 144 S.W.2d 883, 884; Gehret v. Hetkes, (Tex.Com.App.), 36 S.W.

2d 700, 702; Drake v. First National Bank, Tex.Civ.App., 254 S.W.2d 230, 232; Garcia v. Ramos, Tex.Civ.App., 208 S.W.2d 111, 112 (Writ Ref.).

■ It cannot be said that the record discloses invalidity of the default judgment. Jurisdiction of the person and subject matter appear. If it should be conceded that there was error, nevertheless, the judgment was not void. It was essential that appellant allege and prove facts showing that he was prevented from presenting his defense by the extrinsic fraud of appellee and without negligence on his part. Garlington v. Wasson, Tex.Civ.App., 279 S.W. 2d 668, 669 (Ref. N.R.E.); Elder v. Byrd-Frost, Inc., Tex.Civ.App., 110 S.W.2d 172 and 34 Tex.Jur.2d 559. Appellant was cited and defaulted. He says the judgment is void on its face. That the fact that it is void is shown by the judgment and pleadings. He had the legal right to appeal by writ of error within six months after June 23, 1961. It was an adequate remedy. He knew of the default judgment before October 31, 1961. On that day his first motion to set it aside was overruled. A second such motion was thereafter overruled. Not until November 8, 1962, did he seek a bill of review. In his second amended petition filed on that date he sought, primarily, an injunction against enforcement of the judgment. In the alternative, he asked that a bill of review be granted setting aside the default judgment and, further, that the case against Moore be consolidated with the main case and that they be tried together. In that pleading Moore alleged the judgment was void because (a) it did not dispose of all parties; (b) the law did not permit a severance of the cause alleged by Mathis; (c) no separate pleadings were filed in the severed cause, etc. Moore did not allege that he was prevented from presenting such defense by fraud, accident or the wrongful act of appellee, unmixed with any fault or negligence on his own. In Garcia v. Ramos, Tex.Civ.App., 208 S.W.

2d 111, 112 (Writ Ref.), Judge Murray said:

"Appellants have alleged a good defense to the cause of action, but they have failed to allege facts which show that they were prevented from making such defense, by fraud, accident or the wrongful act of appellees, unmixed with any fault or negligence of their own, as they are required to do before they can secure relief by means of an action in the nature of a bill of review."

The Supreme Court so held in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 998. See also Chapa v. Wirth, Tex.Civ. App., 343 S.W.2d 936. Therefore, the court did not err in refusing to hear evidence as to the alleged meritorious defense. Appellant alleged that he had not been negligent "as reflected by the record." The record shows he was negligent. "Only if a court has no jurisdictional power to render the judgment should a negligent defendant * * * be able to relieve himself of the burdens and consequences of a default judgment." McEwen v. Harrison, (Tex.Sup.Ct.), 345 S.W.2d 706, 711. He was negligent in permitting the default and in not appealing. The record conclusively shows that appellant knew of the judgment against him in time to have prosecuted a writ of error; he contends that the fact that the judgment is void is shown by the judgment and pleadings. He had ample opportunity within the six months allowed by Article 2255 to file an appeal by writ of error. He did not avail himself of this legal remedy. McEwen v. Harrison, supra. Under the decision of our Supreme Court in Wear v. McCallum, 119 Tex. 473, 33 S. W.2d 723, 724, the pleading was insufficient as a bill of review. The record certainly did not establish that appellant had a right to enjoin enforcement of the judgment.

Appellant's points have been ably presented but we are forced to the conclusion that reversible error is not shown. They are overruled. The judgment is affirmed.