Elliott E. MAYFIELD et ux., Appellants,

v.

James E. GLEICHERT et al., Appellees.

No. 17107.

Court of Civil Appeals of Texas.

Dallas.

Jan. 24, 1969.

Rehearing Denied Feb. 21, 1969.

Edwin L. Davis, of Shaw & Davis, Dallas, Charles R. Wheeler, Dallas, on Motion for Rehearing, for appellants.

Richard E. Gray, Jr., Timothy E. Kelley and John A. Gilliam, of Thompson, Knight, Simmons & Bullion, Dallas, for appellees.

DIXON, Chief Justice.

Appellants Elliott E. Mayfield, joined by his wife Dr. Imogene Mayfield, brought suit for damages against Dr. James E. Gleichert, Dr. Harwin B. Jamison and Methodist Hospital of Dallas, a charitable corporation. Appellants plead that libelous and slanderous statements made by Dr. Gleichert with malice and with the knowledge and consent of the other two appellees caused Dr. Imogene Mayfield to be excluded from the medical staff of Methodist Hospital and to be expelled from Dallas County Medical Society, Texas Medical Association and American Medical Association.

In a jury trial a verdict was returned substantially as follows: (1) the jury answered "No" to an inquiry whether it found from a preponderance of the evidence that statements referring to Dr. Imogene Mayfield in the report read by Dr. Gleichert at a meeting of the medical staff of Methodist Hospital on September 10, 1962 were substantially false and untrue; (2) the reading of said report by Dr. Gleichert was a proximate cause of the expulsion of Dr. Mayfield from the medical staff of Methodist Hospital by the Hospital's Board of Trustees; (3) Dr. Mayfield sustained $85,000 actual damages caused by the false portion of the report; (4) the report was made and read by Dr. Gleichert with malice; (5) exemplary damages of $5,000 were assessed; (6) the statements made in the report of Dr. Gleichert were not made in good faith and without malice; (Issues Nos. 7 and 8 pertaining only to Dr. Gleichert were not answered); (9) statements, if any, made by Dr. Jamison concerning Dr. Mayfield were made by Dr. Jamison in good faith without malice; (10) such statements, if any, were made by Dr. Jamison upon a subject matter in which he had an interest and a duty to protect; (11) such statements, if any, were made by Dr. Jamison only to persons who had a corresponding interest or duty to protect; (12) the action taken by Methodist Hospital was taken in good faith and without malice; (13) the action taken by Methodist Hospital or its administrator was upon a subject matter in which Methodist Hospital had an interest and a duty to protect; (14) such action of Methodist Hospital was only before persons who had a corresponding interest or duty to that of Methodist Hospital.

Following the return of the jury verdict motions were filed for judgment on the jury verdict and for judgment *non obstante veredicto* and that the court disregard certain answers. The court on its own motion severed the cause of action against Dr. Gleichert from the causes of action against Dr. Jamison and Methodist Hospital, then declared a mistrial as to Dr. Gleichert and rendered judgment in favor of Dr. Jamison and Methodist Hospital that appellants take nothing against them. Dr. Gleichert is not a party to this appeal.

At all times pertinent hereto Dr. Gleichert was Chief of the Obstetrics-Gynecology Department of the Medical Staff of Methodist Hospital. He is a specialist in obstetrics and gynecology engaged in the private practice of medicine.

Dr. Jamison is a memeber of the medical staff of Methodist Hosptial and is also a specialist in obstetrics and gynecology. He is a partner of Dr. Gleichert in the operation of a clinic in the Oak Cliff section of the City of Dallas.

Dr. Mayfield has figured in several incidents involving clashes with the medical staff of Methodist Hospital. However the present controversy as pleaded by appellants and submitted to a jury focuses on a written report prepared by Dr. Gleichert and read to the medical staff on September 10, 1962. Appellants contend that this report contains libelous and slanderous statements concerning Dr. Mayfield.

The report in question is quite lengthy. Appellants say that the report includes false statements that (1) Dr. Mayfield told her patient's husband, Green, referring to Dr. Jamison, "That son of a bitch killed your wife"; (2) she said to Dr. Jamison in the delivery room, "Look what you've done, you have killed my patient—you have stolen my patient from me"; (3) she used a Mrs. James' phone in front of her, discussing the Green case; (4) she offered to the family of the patient and to the public in general, bitter criticism of a man she had voluntarily chosen as her consultant; (5) such criticism and degradation was repeated and widely spread by Dr. Mayfield (6) and was damaging to the consultant, the Department, Methodist Hospital and the medical profession; (7) Dr. Mayfield was completely distraught, being reduced from effective action to ineffective panic. (8) Dr. Mayfield told Mr. Green that Dr. Jamison was young, without sufficient training, etc. and that if Mrs. Green died, the responsibility would be Dr. Jamison's. Appellants claim that the report contains other false statements, but we shall not detail them here.

## OPINION

In their eighteenth and nineteenth points of error appellants assert that the trial court erred in severing the cause of action against Dr. Gleichert from the causes of action against Methodist Hospital and Dr. Jamison because (1) there is but one cause of action involving the same facts and the same allegations against all defendants arising out of the same situation, and (2) the court abused its discretion and placed an undue hardship on appellants by the severance.

Appellants included allegations of conspiracy in their pleadings. But no special issues in regard to conspiracy were submitted or requested. Therefore it must be considered that appellants waived their theory of conspiracy. Glens Falls Ins. Co. v. Peters, 386 S.W.2d 529 (Tex.Sup.1965); Scurlock Oil Co. v. Joffrion, 390 S.W.2d 526, 532 (Tex.Civ.App., Tyler 1965, no writ); Rule 279, Vernon's Texas Rules of Civil Procedure. Moreover we agree with appellees that the record contains no evidence of conspiracy.

Appellants expressly sought a joint and several judgment against Methodist Hospital and Drs. Gleichert and Jamison. The causes of action asserted by appellants against the above named parties are not indivisible. 36 Tex.Jur.2d 328. Under such circumstances trial courts are clothed with broad discretionary powers in regard to severance of causes. Appellate courts will not reverse a judgment on the grounds of severance of causes of action except in cases of abuse of discretion. Hamilton v. Hamilton, 154 Tex. 511, 280 S.W.2d 588 (1955); Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677, 682 (1956); Moore v. Mathis, 369 S.W.2d 450 (Tex. Civ.App., Eastland 1963, writ ref'd n. r. e.); Simmons v. Wilson, 216 S.W.2d 847, 854 (Tex.Civ.App., Waco 1949, writ ref'd n. r. e.; 1 Tex.Jur.2d 589, 594; Rule 174 (b), T.R.C.P. We see no abuse of discretion in the severance of causes of action in this case. Appellants' eighteenth and nineteenth points are overruled.

### In re Dr. Gleichert.

The severed cause of action against Dr. Gleichert is still pending in the trial court. Appellants' first six points of error and their seventh and fifteenth points inquire only about Dr. Gleichert's alleged libelous and slanderous statements. Since we have no jurisdiction on this appeal either of Dr. Gleichert or appellants' cause of action against him we shall not consider the above named points of error presented in appellants' brief.

### In re Methodist Hospital.

Appellants contend in points of error numbered as below that it was error to render judgment for Methodist Hospital and to overrule appellants' motion for judgment and for judgment *non obstante veredicto* because (7) the relationship of master and servant or principal and agent existed between the Hospital and Dr. Gleichert; (8) the Hospital had knowledge of and consented to the libel by Dr. James E. Gleichert; (9) the Hospital republished and recirculated the statements of Dr. Gleichert; and (10) the Hospital is not entitled to assert the defense of charitable immunity; (12) the court erred in refusing to submit appellants' Requested Special Issue No. 68 inquiring whether Dr. Imogene Mayfield was expelled from the medical staff of the Hospital without good cause; and (17) the Hospital had knowledge of the alleged libelous report of Dr. Gleichert, consented to the same and the report was republished by Dr. Boone, administrator of the Hospital. We see no merit in any of the above points.

It is undisputed that Methodist Hospital is a charitable institution. Its charter was introduced in evidence and so shows. It has no capital stock. No profits have ever been distributed to anyone. All funds derived from its activities are used to pay the expenses of operation and for improvements and expansion. It is owned by the Methodist Church and supervised by a Board of Trustees.

The doctrine of immunity of charitable institutions still prevails in Texas. In Watkins v. Southcrest Baptist Church, 399 S.W.2d 530 (Tex.Sup.1966) our Supreme Court applied the doctrine, but indicated that it might thereafter abolish it. However so far the Supreme Court has not seen fit to do so and neither has the Legislature.[1] We shall not undertake to anticipate that either of them will. See Dillon v. Greenville Hospital Authority, 404 S.W.2d 956 (Tex.Civ.App., Dallas 1966, no writ); Tunnell v. Otis Elevator Co., 400 S.W.2d 781 (Tex.Civ.App., Amarillo 1965, writ ref'd n. r. e.). After a study of the record we are convinced that none of the exceptions to the immunity rule exist in this case and that the facts of the case bring Methodist Hospital within the rule.

As heretofore stated a jury made findings that the action taken by Methodist Hospital was taken in good faith without malice; that said action taken by the Hospital, or its administrator, was on a subject matter in which the Hospital had an interest and a duty to protect; and the action was taken only before persons who had a corresponding interest and duty.

■ The undisputed facts in this case together with the above jury findings bring the conduct of Methodist Hospital concerning the alleged libelous statements within the qualified privilege rule. Consequently Methodist Hospital is not liable for the part it played in publication of the statements. Browning v. Gomez, 332 S.W.2d 588 (Tex.Civ.App., Austin 1960, no writ); Creswell v. Pruitt, 239 S.W.2d 165 (Tex.Civ.App., Eastland 1951, no writ); National Standard Life Ins. Co. v. Billington, 89 S.W.2d 491 (Tex.Civ.App., Fort Worth 1935, no writ); First Texas Prudential Ins. Co. v. Moreland, 55 S.W.2d 616 (Tex.Civ.App., Beaumont 1932, writ dism'd); I. & G. N. R. Co. v. Edmundson,

---

1. Justice Greenhill of our Supreme Court has written an interesting article on this subject. 31 Texas Bar Journal 1036 (December 22, 1968.)

222 S.W. 181 (Tex.Com.App.1920); Cranfill v. Hayden, 22 Tex.Civ.App. 656, 55 S.W. 805 (1900, no writ); Schulze v. Jalonick, 18 Tex.Civ.App. 296, 44 S.W. 580 (1898, no writ); Runge v. Franklin, 72 Tex. 585, 10 S.W. 721, 3 L.R.A. 417 (1889); Johns v. Associated Aviation Underwriters, 203 F.2d 208 (5th Cir. 1953); 36 Tex.Jur. 2d 348, 357, 359–360, 363, 386; 33 Am.Jur. 124.

For still another reason Methodist Hospital is not to be held liable in this case. Dr. William S. Reynolds, Secretary of the Dallas County Medical Society, was called as a witness in behalf of appellants. He testified that Dr. Mayfield filed a complaint with the Dallas County Medical Society in regard to her exclusion from the medical staff of Methodist Hospital. All information furnished to the Society by either Dr. Gleichert or Methodist Hospital, including Dr. Gleichert's report of September 10, 1962, was furunished at Dr. Mayfield's request. Similar testimony was given with respect to information furnished to the Texas Medical Association. There is no showing that the publication of the alleged libelous statements was made to anyone else by the Hospital. No charges or complaints against Dr. Mayfield were filed with the Dallas County Medical Society by Dr. Gleichert or Methodist Hospital. Dr. Mayfield does not deny the above testimony of Dr. Reynolds.

■ Thus it becomes apparent that publication of the alleged libelous statements was invited and instigated by Dr. Mayfield herself. That being so, their publication will not support an action against the Hospital. Lovejoy v. Mutual Broadcasting System, 220 S.W.2d 308, 314 (Tex.Civ. App., El Paso 1948, no writ); Wilks v. De Bolt, 211 S.W.2d 589 (Tex.Civ.App., Texarkana 1948, no writ); Lyle v. Waddle, 144 Tex. 90, 188 S.W.2d 770 (1945); 36 Tex.Jur.2d 322; 53 C.J.S. Libel and Slander § 95, p. 151.

All of appellants' points attacking the judgment in favor of Methodist Hospital are overruled.

### In re Dr. Jamison.

Appellants in their points of error do not directly attack the judgment rendered in favor of Dr. Jamison. However appellants pray for a reversal of the entire judgment rendered by the trial court so we shall briefly state the reasons for our conclusion that the judgment as to Dr. Jamison should be affirmed.

■ The jury found that statements made by Dr. Jamison were made in good faith without malice, were made on a subject matter which he had a duty and interest to protect, and were made only to persons who had a corresponding interest and duty. This brought Dr. Jamison's statements within the qualified privilege rule.

We again call attention to the uncontradicted testimony of appellants' witness Dr. Reynolds, Secretary of the Dallas County Medical Society, to the effect that Dr. Mayfield herself requested and instigated the publication of the alleged libelous and slanderous statements. Consequently the publication of the statements will not support an action against Dr. Jamison.

All of appellants' points of error, if any, questioning the judgment in favor of Dr. Jamison are overruled.

### Miscellaneous.

Appellants in their first point of error attack the submission of Special Issue No. 1 on the ground that it is multifarious, global, too general and duplicitous.[2] We

2. Special Issue No. 1 and the jury's answer are as follows:

"Do you find from a preponderance of the evidence that the statements referring to the plaintiff Imogene Mayfield in the report read by the defendant Jams E. Gleichert at a meeting of the medical staff of Methodist Hospital or about September 10, 1962, were substantially false and untrue?
Answer 'Yes' or 'No.'
Answer: No "

shall not consider said point of error as to Dr. Gleichert since he is not a party to this appeal. We shall not consider the point with reference to Methodist Hospital and Dr. Jamison because said point has become immaterial as to them since they have established the defenses of qualified privilege and invited and instigated publication by Dr. Mayfield of the alleged libelous statements.

In their second point of error appellants complain of the court's refusal to submit their requested Special Issues Nos. 12 to 65 inclusive.

In their eleventh point appellants complain of the court's refusal to submit their requested Special Issues Nos. 1 to 11 inclusive.

In their thirteenth and fourteenth points appellants complain of the refusal of the court to submit their requested Special Issues Nos. 66 to 72 inclusive.

In their sixteenth point appellants complain of the court's refusal of their requested Special Issues Nos. 74 to 78 inclusive.

The above points of error do not comply with Rule 418(c), T.R.C.P. The points are broad, multifarious and general. The statements and authorities under them are also multifarious and general in their nature. Appellants' Amended Motion for New Trial is similarly broad, multifarious and general in assigning error because of the refusal of the court to submit requested issues. Appellants' second, eleventh, thirteenth, fourteenth and sixteenth points are overruled because they are insufficient in that they are too general. Reed v. Buck, 370 S.W.2d 867, 874 (Tex.Sup.1963); Smith v. Brown Express, 343 S.W.2d 550 (Tex.Civ.App., San Antonio 1961, writ ref'd n. r. e.); Dallas Fountain and Fixture Co. v. Hill, 330 S.W.2d 648, 651 (Tex. Civ.App., Dallas 1959, writ ref'd n. r. e.); Pride v. Pride, 318 S.W.2d 715, 720 (Tex. Civ.App., Dallas 1958, no writ); Keahey v. Jones, 291 S.W.2d 767 (Tex.Civ.App.,

Amarillo 1956, no writ); Crawford v. Continental Panhandle Lines, Inc., 278 S.W. 2d 566 (Tex.Civ.App., Amarillo 1954, no writ).

The judgment of the trial court is affirmed.