Richard L. MACKAY, Appellant,

v.

CHARLES W. SEXTON COMPANY,
Appellee.

No. 17653.

Court of Civil Appeals of Texas,
Dallas.

May 28, 1971.

**442**

George M. Elliott, Brown, Elliott, Brown, Vetter & Llewellyn, Dallas, for appellant.

John Emmett, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

### FACTS

On August 5, 1968 Charles W. Sexton Company filed suit against Richard L. Mackay and Swing-Aire Travelers Club, Inc., being numbered 68–6637–B in the 44th District Court of Dallas County, Texas. On August 13, 1968 both Mackay and Swing-Aire Travelers Club, represented by the law firm of Palmer, Palmer & Burke, filed a verified answer. On January 12, 1970 Palmer, Palmer & Burke advised Mackay by certified mail that by order dated January 5, 1970 the law firm had been granted leave by the district court to withdraw as attorneys of record for Mackay and Swing-Aire Travelers Club. In the letter Mackay was advised to secure other counsel to represent him and was further specifically advised that the case was set for trial on January 26, 1970 at 9:00 a. m. On January 13, 1970 John Emmett, attorney for Sexton, addressed a letter to Mackay advising that the case was set for trial on January 26, 1970 at 9:00 a. m.; that the case had a Number One setting; and that due to out of state witnesses plaintiff would announce ready for trial. Both of these letters were received in Mackay's office at 3883 Turtle Creek Boulevard, Dallas, Texas. At the time the letters were received in Mackay's office he was in New York City. Mackay telephoned his office and was advised by his secretary that his attorneys had withdrawn from the case but the date of the trial setting was not relayed to him. Mackay returned to Dallas on January 23, 1970 but did not go to his office.

On January 26, 1970 neither Mackay, nor anyone representing him, appeared and a judgment *nil dicit* was rendered against him in the amount of $3,718.50. He returned to his office on the 2nd or 3rd of February, 1970 and discovered for the first time that judgment had been rendered against him. On February 13, 1970 Mackay filed a motion for new trial in which he said that the reason he did not appear for the trial was because his secretary had not informed him of the setting. He said his "secretary mistakenly did not recognize the significance of the notification submitted by Mr. Palmer and Mr. John Emmett with respect to the trial setting." He also stated that while he returned to the City of Dallas on January 23, 1970 he did not go to his office; that on Sunday, January 25, 1970, his wife sustained a fall which confined her to her bed for two weeks during which time he was not able to go to the office because he had to take care of the children at home. He said he returned to the office on the 2nd or 3rd of February, 1970 and found a copy of the judgment rendered against him. On February 6 he discovered the two letters which had been sent to him advising of the court setting. He hired another attorney who filed a motion for new trial on February 13, 1970. This motion was abandoned by Mackay and his attorneys who did nothing further until the filing of the petition for bill of review on April 30, 1970.

In his petition for bill of review Mackay sets forth the facts related above why he did not appear on the trial setting. He also alleged that "as a result of his misunderstanding responsibility for representation had not been passed to another attorney at the time the matter came on for trial * * *." He alleged that he had no adequate remedy at law by way of appeal or writ of error and that "because of the accident or mistake of Mr. Mackay's secretary, without any fault or negligence on his part, Mr. Mackay has been compelled to suffer a judgment by circumstances beyond his control." He also said that he had a meritorious defense in that he did not "re-quest nor cause such alleged policy to be issued nor did Mr. Mackay sign an application of any sort for said policy." A copy of the petition in the original suit was not attached to the petition for bill of review.

Sexton filed its motion, and its amended motion, for summary judgment, supported by affidavits. Mackay replied to the motion and filed affidavits in which he reasserted the facts above related concerning his failure to appear on the trial of the original suit. In a supplemental reply to the summary judgment Mackay, through his attorney George M. Elliott, for the first time states that he was denied jury trial in the original suit "notwithstanding he timely paid a jury fee, and never waived same." Elliott, in a supporting affidavit, said that in the original cause Mackay "paid a jury fee in December of 1968, and at no time did he waive the right to having a jury rule on the facts involved in said cause."

On September 10, 1970 the trial court sustained the summary judgment motion and rendered judgment denying the bill of review. Mackay appeals.

### OPINION

Appellant asserts in two points of error that (1) the trial court erred in holding, as a matter of law, that no genuine issue of fact was presented by the pleadings, affidavits and exhibits and (2) the trial court erred in granting summary judgment when the record discloses that a jury was waived by the court without authority from appellant. We overrule each of these points and affirm the trial court's judgment.

A bill of review is an equitable proceeding designed to prevent manifest injustice. Rule 329b(5), Vernon's Texas Rules of Civil Procedure, provides that after the expiration of thirty days from the date of judgment or motion for new trial being overruled the judgment may be set aside by bill of review for sufficient cause. The Supreme Court in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950),

set forth the rules of law applicable to bills of review and announced three conditions that must be alleged and proved by the losing party before he can successfully invoke a bill of review to set aside a final judgment against him. These three requisites are: (1) a meritorious defense to the cause of action; (2) which the moving party was prevented from making because of fault, accident or wrongful act of the opposite party; and (3) unmixed with any fault or negligence of his own. These rules have been reasserted in a number of opinions by the Supreme Court since *Hagedorn*. Hanks v. Rosser, 378 S.W.2d 31 (1964); Gracey v. West, 422 S.W.2d 913 (1968); and French v. Brown, 424 S.W.2d 893 (1967).

■ A careful review of the record will reveal that appellant failed to comply with any of the three essential requirements of the law to justify the invocation of equitable relief by bill of review.

Concerning the first requirement that a movant for bill of review must allege and prove a meritorious defense to the original cause of action, this record is entirely devoid of any proof concerning the original cause of action. Appellant does not attach copy of the pleadings, nor does he incorporate by reference any of the allegations in the prior suit, so we have nothing to officially advise us as to the nature and character of the original cause of action. While appellant does make certain statements concerning insurance policies, a contract to purchase an airplane, as well as certain conclusions concerning his relationship to the contract, we are left entirely in the dark as to the exact allegations to which he is responding. The conclusory statements of appellant to the effect that he had a meritorious defense are not sufficient. As said by the court in Winn v. Houston Building & Loan Ass'n, 45 S.W. 2d 631 (Tex.Civ.App., El Paso 1932):

"* * * the pleadings and the result of the former suit in which the default judgment was obtained should be set forth so that the court on the hearing may know the issues there tendered, and be able to determine whether appellants had a defense to the action which appellants were prevented from making."

■ Appellant has also totally failed to meet the requirement of the second part of the rule which makes it mandatory that he both allege and prove that he was prevented from asserting his meritorious defense by the fault, accident or wrongful act of the opposite party. The only excuse offered by appellant for his failure to appear at the former trial is that he was not notified of the trial date in a letter addressed to his residence. He admits that both his former attorney and the attorney for appellee wrote him letters in which he was advised concerning the trial date and that such letters were received in his office by his secretary several days prior to the trial date. Appellant cites us no authority for the proposition that there was any duty upon appellee or its counsel to notify appellant concerning the trial setting in a letter addressed to his residence. We know of no such duty. Mackay, having been duly cited and having filed an answer, is chargeable, as a matter of law, with notice of all steps taken in the cause down to and including judgment although he may not in fact appear and have no actual notice thereof. Chapa v. Wirth, 343 S.W.2d 936 (Tex.Civ.App., Eastland 1961); Banks v. Crawford, 330 S.W.2d 243 (Tex.Civ.App., Houston 1959, writ ref'd n. r. e.); Smith v. Brown & Root, Inc., 430 S.W.2d 549 (Tex.Civ.App., Houston (14th) 1968); and Southwestern Bell Telephone Co. v. West, 417 S.W.2d 297 (Tex.Civ.App., Tyler 1967, writ ref'd n. r. e.).

■ The third element of the rule which requires appellant to demonstrate that he was prevented from appearing and asserting his defense "unmixed with any fault or negligence on his own part" has clearly not been complied with. Appellant acknowledges that his office received the letters addressed to him from both his former attorney and appellee's attorney. The fault

or neglect of appellant's secretary to notify him of the trial setting can certainly not be laid at the door of appellee. Appellant cannot excuse himself because of the negligence or oversight of his own attorney or employees. Puls v. Clark, 199 S.W.2d 811 (Tex.Civ.App., Amarillo 1947, writ ref'd n. r. e.); Smith v. Brown & Root, Inc., 430 S.W.2d 549 (Tex.Civ.App., Houston (14th) 1968); Chapa v. Wirth, 343 S.W.2d 936 (Tex.Civ.App., Eastland 1961); and Southern Travelers Ass'n v. Stillman, 109 S.W.2d 285 (Tex.Civ.App., Fort Worth 1937).

 In addition to meeting the requirements of the rules above enumerated a party seeking relief from a judgment by applying for a bill of review must also allege and prove that he has not been guilty of lack of diligence in failing to avail himself of legal means available to set aside the judgment. To be entitled to a bill of review one must show that he has exhausted all adequate legal remedies. A bill in equity may not be substituted for an appeal. American Spiritualist Ass'n v. City of Dallas, 366 S.W.2d 97 (Tex.Civ.App., Dallas 1963); Falsetti v. Lowman, 405 S.W.2d 796 (Tex.Civ.App., Eastland 1966, writ ref'd n. r. e.); Moore v. Mathis, 369 S.W.2d 450 (Tex.Civ.App., Eastland 1963, writ ref'd n. r. e.); Callaway v. Elliott, 440 S.W.2d 99 (Tex.Civ.App., Tyler 1969).

 It is evident from this record that judgment in the prior case was signed on January 26, 1970 and that appellant gained actual knowledge of this on February 5 or 6, 1970. He waited until February 13, 1970 and filed a motion for new trial. He concedes that he made no effort to have the court pass upon this motion. He admits such motion was abandoned by him. The trial court retained jurisdiction of the judgment for thirty days after January 26, 1970 or until February 25, 1970. Under these facts appellant had ample opportunity to have (1) presented his motion for new trial to the court who could have granted same even though such motion may not have been legally available as a basis of appeal; or (2) perfected an appeal without motion for new trial. A motion for new trial is not required as a predicate for appeal in a non-jury case. Rule 324, T.R.C.P. Appellant failed, due to his own negligence, to avail himself of his legal remedy either by appeal or writ of error. Ziebarth v. Lee and Beulah Moor Children's Home, 431 S.W. 2d 798 (Tex.Civ.App., El Paso 1968); Moore v. Mathis, 369 S.W.2d 450 (Tex.Civ. App., Eastland 1963, writ ref'd n. r. e.); Roberts v. Mullen, 417 S.W.2d 74 (Tex.Civ. App., Dallas 1967, affirmed 423 S.W.2d 576, S.Ct. 1968).

Appellant's second point relating to the matter of waiver of jury trial is likewise without merit. The first judgment was rendered prior to the amendment of Rule 220, T.R.C.P., which now provides that failure of a party to appear for trial shall be deemed a waiver by him to the right of trial by jury.

 The right to trial by jury is not an absolute right in civil cases but is subject to procedural rules, and specifically Rule 216, T.R.C.P., which expressly states that no jury trial shall be had unless application be made therefor and unless a fee of $5.00 is paid. Appellant's present attorney in two affidavits attempts to create an issue of fact concerning right of trial by jury. However, statements contained in these affidavits by the present attorney are obviously hearsay and therefore inadmissible. Moreover, in neither of the affidavits is the statement made that a demand for jury was ever made by appellant.

 Aside from these facts the matter of jury trial is quite immaterial since it has nothing to do with the essential elements of a bill of review.

This record clearly demonstrates that appellee has successfully borne the burden of demonstrating that it is entitled to judgment denying appellant's bill of review, as a matter of law, and therefore the trial court was correct in rendering summary judgment.

Affirmed.