ACCEPTED
12-15-00047-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/25/2015 8:23:18 AM
Pam Estes
CLERK

Cause No. 12-15-00047-CV

IN THE COURT OF APPEALS

FOR THE TWELFTH JUDICIAL DISTRICT

TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

11/25/2015 8:23:18 AM

PAM ESTES
Clerk

==========================================================

MARK J. HEALEY
APPELLANT

V.

EDWIN N. HEALEY
APPELLEE

==========================================================

*On Appeal from Severed Cause No. 2014C-0638*
*From the 3rd District Court, Henderson County, Texas*
*Honorable Mark Calhoon, Judge Presiding*

==========================================================

APPELLANT'S REPLY BRIEF

==========================================================

STARK & GROOM, L.L.P.
Steve Stark
State Bar No.: 19066000
110 East Corsicana Street
Athens, Texas  75751
Phone:        (903)675-5691
Fax:          (903)675-6454
Email:  stevestark@starkandgroom.com
Attorney For Appellant

# TABLE OF CONTENTS

INDEX OF AUTHORITIES…………………………………..................3

I.    OBJECTION TO APPELLEE'S STATEMENT OF FACTS AND INTRODUCTION………………………………………...…5

II.    APPELLANT'S WAIVER OF SPECIAL APPEARANCE ERROR..5

III.    SUMMARY OFARGUMENT………………………….………5

IV.    REPLY TO ASSERTION THIS APPEAL IS MOOT…………….....6

V.    REPLY TO ASSERTION THAT DEFAULT JUDGMENT WAS PROPER…………………………………………………...7

VI.    REPLY TO CRADDOCK ISSUES…………………………….9

VII.    REPLY TO ASSERTION THAT APPELLANT DID NOT PRESERVE ERROR RE: SEVERANCE…………………………10

VIII.    REPLY TO ASSERTION THAT SEVERANCE WAS PROPER AND HARMLESS…………………………………………10

IX.    CONCLUSION AND PRAYER…………………………………16

CERTIFICATE OF COMPLIANCE & CERTIFICATE OF SERVICE….18

## APPENDIX

Bankruptcy Code 11 US Code 108 …………………..…………….6

Bankruptcy Petition …………………………………….21, 22, 23

Order of Lift Of Stay…………………………………...24

# INDEX OF AUTHORITIES

**Cases**

*Butler v. Butler* 577 SW2d 581 (Tex. Civ. App-Texarkana 1978, writ dismissed 1979)…………………………………………………………..9

*Continental Carbon Co. v. Sea-Land Services, Inc..*, 27 SW3d 194 (Tex. App. Dallas 2000, rev. denied)…………………………………8, 9

*Craddock v. Sunshine Bus Lines*, 133 SW2d 124 (Tex. 1939)………..5, 9

*Director State Employees, Workers' Compensation Div. v. Evans,* 889 SW2d 266 (Tex. 1994)……………………………………………….9

*In Re J.P.* 196 SW3d 434 (Tex. App.-Dallas 2006)……………………...7

*Guaranty Federal Savings Bank v. Horseshoe Operating Co*., 793 SW2d 652 (Tex. 1990). …………………………………………………..…11

*Kao Holdings, Lt. v. Young*, 214 SW3d 504 (Tex. App. Hou. [14th Dist. 2006]………………………………………………….…10

*Kansas University Endowment Association v. King*, 350 SW2d 11 (Tex. 1961)………………………………………………...…13, 14

*Landers v. East Tex. Salt Water Disposal Co*., 248 S.W.2d 731 (Tex. 1952)………………………………………………...11, 13

*LBL Oil Co. v. Int'l Power Serv., Inc*., 777 S.W. 2d 390 (Tex. 1989).7, 8, 9

*Lopez v. Lopez* 757 SW2d 721 (Tex. 1998)…………………………….10

*Mayfield v. Geichert*, 437 SW2d 638 (Tex. Civ. App.-Dallas, 1979, no writ)…………………………………………………………..15

*McRoberts v. Tesoro S & L Association,* 781 SW2d 705 (Tex. App-San Antonio 1989, writ denied)…………………………………..11

*Moore v. Mathis*, 369 SW2d 450 (Tex. Civ. App.- Eastland 1963, writ ref'd. n.r.e.)…… …………………………………………………….………….…15

*Morgan v. Compugraphic Corp.* 675 SW2d 729 (Tex. 1984……12, 13, 16

*Morrow v. H.E.B. Inc.*, 714 SW2d 297 (Tex.1986)………………………12

*Peralta Heights Med Ctr., Inc.*, 485 US 80 (1988) …………………..7, 8 9

*State ex rel. Protection of Hoist*, 2010 WL 457448 (Tx. App.-Tyler 2010)………………………………………………………………..10

*Stuart v. Whitworth*, 453 SW2d 875 (Tex. Civ. App. – Houston [1st Dist.] 1970, writ dism'd)…………………………………………………13

*Swafford v. Holman*, 446 SW2d 75 (Tex. App.-Dallas 1969, writ ref'd n.r.e.)…………………………………………………………………15

*Texas Sting v. R.B. Foods, Inc*. 82 SW3d 644 (Tex. App.- San Antonio, 2002, rev. denied)…………………………………………..……….10, 12

*Tunstill v. Scott*, 160 SW2d 65 (Tex. 1942)…………………….…..13

*Wilson v. Wilson*, 132 S.W. 3d 533, (Tex. App.-Hou. [1st dist.] 2004, rev. denied)………………………………………………………………7

*Womack v. Berry*, 291 SW2d 677 (Tex. 1956). ………………………11, 14

**RULES**

Bankruptcy Code, 11 U.S. Code §108 (c)………………………………..6

# I.
## OBJECTION TO APPELLEE'S STATEMENT OF FACTS AND INTRODUCTION

Appellant objects to the assertion in Appellee's Brief (at page xi at the bottom of the page) that the original cause has been tried with result of "Final Judgment", referencing Appellee's Appendix 1, when in fact such judgment is not final as pointed out in Paragraph IV below.

# II.
## APPELLANT'S WAIVER OF SPECIAL APPEARANCE ERROR

After consideration of Appellee's Brief, and further research, Appellant concedes that Appellant's Special Appearance was waived.

# III.
## SUMMARY OF ARGUMENT

For reply, Appellant emphasizes that Special Appearance was defective, however it was an appearance. Thus the Default Judgment without notice to him was error. After appearance, as a matter of due process, he was entitled to notice. In addition, Appellant properly filed motion for new trial raising the required *Craddock* issues. There were no affidavits or evidence offered to controvert affidavit and as a matter of law the *Craddock* elements were presumed and new trial should have been granted.

Severance of the erroneous Default Judgment is clearly error in that the claim of which the Default Judgment was granted is completely interwoven with

remaining causes against other Defendants, the liability as to each of the three Defendants are identical, the damages are identical and there were no judicial economy to be served or delay to be avoided.

## IV.
## REPLY TO ASSERTION THIS APPEAL IS MOOT

Appellee asserts that this appeal is moot because a final judgment has been entered in the remaining portion of the severed cause. This assertion is simply false. The judgment against the remaining Defendants is not final. The judgment against the remaining Defendants was signed June 30, 2015[1]. Within 30 days thereof, on July 23, 2015 the Defendant E. Peter Healey filed bankruptcy in Cause No. 15-60471 in the United States Bankruptcy Court for the Eastern District of Texas[2]. The Bankruptcy Code, 11 U.S. Code §108 (c)[3] specifically provides:

(c)     Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expires until the later of –

(1)     the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
(2)     30 days after notice of the termination or expiration of the stay under section 362, 922, 1201 or 1301 of this title, as the case may be, with respect to such claim.

---

[1] Appellant's Appendix 1
[2] Bankruptcy Petition Supplemental C.R., Reply Appendix page 21, Supplemental C.R. page _____
[3] Reply Appendix page 20, Supplemental C.R. page _____

Relief from Stay was granted (on November 16, 2015) for appeal[4] with specific provision for pursuing appeal of the "Final Judgment"[5]. Motion for new trial will be filed within the 30 days allowed and an appeal pursued if necessary, and a new trial will be granted.

Thus quite clearly, the judgment against the remaining Defendants is not final and this appeal is not moot.

## V.
## REPLY TO ASSERTION THAT DEFAULT JUDGMENT WAS PROPER

The Trial Court's granting of default judgment[6] against Appellee without notice was error. Even if Appellee's Special Appearance was defective, waived or denied it was an appearance[7]. It is fundamental that after an appearance, a party is entitled to notice as a matter of due process. *Wilson v. Wilson* 132 SW3d 533 (Tex.App.-Hou. [1st Dist.] 2004 rehearing denied), citing *Peralta Heights Med. Ctr., Inc.* 485 U.S. 80 (1988) and *LBL Oil Co., v. Int'l Power Serv. Inc*. 777 SW2d 390 (Tex. 1989). This principal is conceded and urged by Appellee in his brief on page 15 under the heading "**The Default Judgment Was proper Because Mark's Improper Filed Special Appearance Was At Most A General Appearance Without An Answer.**"

Notice to a Defendant who has appeared includes notice of default. *In Re J.P.,* 196 SW3d 434 (Tex. App.-Dallas 2006). In case of *LBL Oil Co., supra* a post

---

[4] Reply Appendix page 24, Supplemental C.R. Reply page _____
[5] Appellant's Appendix 1
[6] Default Judgment, C.R. page 386
[7] Special Appearance, C.R. page 384

7

appearance default judgment was entered without notice to the Defendant. The Defendant had filed a Motion To Dismiss alleging no jurisdiction and a mistake as to its identity as the proper party. Motion for Default Judgment was filed without certificate of service on *LBL* and default judgment was granted. The Supreme Court specifically pointed out that the default without notice was in conflict with *Peralta, supra*. The *Peralta* case specifically holds that after appearance, notice was required as a matter of due process.

In the case at bar, Appellant's Special Appearance[8] was filed prior to the Default Judgment[9]. Another Defendant, E. Peter Healey, specifically objected to the Motion For Default and hearing was set on that motion[10]. However, Default was granted by trial court prior to and without such hearing[11].

In case at bar, motion for default is without a certificate of service on Appellant and the record clearly shows that there was no notice to Appellant[12]. The fact of no notice to Appellant is not in dispute. Yet, Appellee asserts on page 13 of his brief "Defendant received all notice to which he was entitled when he was served with process". For this absurd assertion, Appellee cites *Continental Carbon Co. v. Sea-Land Services, Inc..*, 27 SW3d 194 (Tex. App. Dallas 2000, rev.

[8] Special Appearance filed November 20, 2014, C.R. page 384
[9] Default Judgment signed November 25, 2014, C.R. page 386
[10] Response to Motion for Default, C.R. page 379 and Docket Sheet, Appellant's Appendix page 40.
[11] Plaintiff's Motion For Default Judgment against Mark J. Healey, CR page 374 at Page 376 and RR page 6, line 23 to page 7 line 5.
[12] Plaintiff's Motion For Default Judgment against Mark J. Healey, CR page 374 at Page 376 and RR page 6, line 23 to page 7 line 5.

denied).  However, a reading of the *Continental Carbon* case clearly discloses that there was no appearance by the Defendant, rather the Defendant failed to answer or appear.  In its decision the Court specifically cited *Peralta, supra* and noticed the holding of the *LBL Oil* case that "notice is required regarding a hearing on post-appearance motion for default judgment".

Appellant also cites *Butler v. Butler* 577 SW2d 581 (Tex. Civ. App-Texarkana 1978, writ dismissed 1979).  However in that case, the issue of notice was not raised and apparently not asserted as error.  It should also be noted that the holding in the *Butler* case has not been cited as authority.  From the facts recited, apparently the default was entered immediately after hearing which resulted in overruling the challenge to jurisdiction.  It appears that the Defendant was present for the default.

## VI.
## REPLY TO CRADDOCK ISSUES

The failure to set aside the default judgment was further error because Appellant properly raised the issues set forth in *Craddock v. Sunshine Bus Lines*, 133 SW2d 124 (Tex. 1939)[13].

There was no reply or controverting affidavit to Appellant's Motion For New Trial raising fact issues.  Thus uncontroverted, Appellant's affidavit is taken as true.  *Director State Employees, Workers' Compensation Div. v. Evans,* 889

---

[13] CR page 390

SW2d 266 (Tex. 1994). Further, the records show no controverting evidence[14]. *State ex rel. Protection of Hoist*, 2010 WL 457448 (Tx. App.-Tyler 2010). Fundamentally, without required notice, there cannot be conscious indifference. *Texas Sting v. R.B. Foods*, *Inc*. 82 SW3d 644 (Tex. App.- San Antonio, 2002, rev. denied), citing *Lopez v. Lopez* 757 SW2d 721 (Tex. 1998).

As a further matter, the default judgment was granted without hearing on the cause of action for money had and received[15]. The damages were not liquidated and there was no hearing or evidence offered. Damages are not liquidated unless proved by a written instrument such that the amount of damages can be accurately calculated by the trial court *Kao Holdings, Lt. v. Young*, 214 SW3d 504 (Tex. App. Hou. [14th Dist. 2006].

## VII.
## REPLY TO ASSERTION THAT APPELLANT DID NOT PRESERVE ERROR RE: SEVERANCE

Appellee asserts that Appellant did not object to the severance[16]. This statement is simply false. Defendant, E. Peter Healey by written motion objected to the severance and Appellant joined in such motion[17].

---

[14] R.R. Hearing on Motion For New Trial page 4 to 23, Appendix to Appellant's Brief page 36
[15] id.
[16] Order of Severance, C.R. Page 434
[17] C.R. page 379 and R.R. Hearing on Motion For New Trial, Appendix to Appellant's Brief page 36, Page 5 line 13 & page 24 to 27

# VIII.
## REPLY TO ASSERTION THAT SEVERANCE WAS PROPER AND HARMLESS

Clearly, a trial court has broad discretion in a matter of severance. *Womack v. Berry*, 291 SW2d 677 (Tex. 1956). However, the Court in *Womack* pointed out:

> But the Court is not vested with unlimited discretion, and is required to exercise a sound and legal discretion within limits created by the circumstances of the particular case. The express purpose of the rule is to further convenience and avoid prejudice, and thus promote the ends of justice.

It is likewise clearly established that claims are properly severable if (1) the controversy involves more than one cause of action, (2) the severed claims is one that would be the proper subject of the lawsuit if independently asserted, and (3) the severed claim is not so interwoven with any remaining action that they involve the same facts and issues. *Guaranty Federal Savings Bank v. Horseshoe Operating Co.*, 793 SW2d 652 (Tex. 1990). Severance is not permitted, when injuries are indivisible. *Landers v. East Tex. Saltwater Disposal Co.,* 248 SW2d, 731 (Tex. 1952). Likewise, the Court should not severe the cause of action against several Defendants for the same liability, such as severance of the cause of action against the maker and guarantor of a note. *McRoberts v. Tesoro S & L Association,* 781 SW2d 705 (Tex. App-San Antonio 1989, writ denied).

Clearly, the cause of action asserted against Appellant for money had and received, allegedly held in a joint bank account by three Defendants which

11

included Appellant[18]. The default judgment was only on this claim[19]. The injury claimed is clearly indivisible as to the three Defendants. The liability was the same as to each Defendant. The damage is indivisible. Obviously, the facts were completely interwoven. The severance was an abuse of discretion as a failure to follow established rules of law. *Texas Sting, Ltd. v. R.B. Foods, Inc.*, 82 SW3rd 644 (Tex. App.-San Antonio; *Morrow v. H.E.B. Inc.*, 714 SW2d 297 (Tex.1986).

To avoid the clear president Appellant cites *Morgan v. Compugraphic Corp.*, 675 SW2d 729 (Tex. 1984). To appreciate and properly apply the *Morgan* case, the opinion along with the Court's citation to authority must be closely read.

In the *Morgan* case, the Plaintiff asserted injuries from exposure to chemicals leaking from a type setting machine. The leaks in the type setter were discovered and repaired, but the opinion does not disclose as to whether the repair was by the manufacturer or installer. The manufacturer answered and the installer (Compugraphic) did not. Default judgment and severance were granted.

Most significantly, the Court in *Morgan* held:

Even if the trial court's severance were error, it would not be error that "was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case".

It is thus to be assumed that there were provisions or circumstances that prevented double recovery or other harm. In the case at bar, there is no provision to prevent

---

[18] Plaintiff's 1st Amended Petition, Paragraph 20, C.R. page 247
[19] Default Judgment, C.R. page 386

12

double recovery and double recovery in fact results[20]. There is no provision for credit to Appellant for sums recovered from other Defendants on the same liability in either judgment.

As support for the proposition of severance for venue purposes, the *Morgan* Court cited *Tunstill v. Scott*, 160 SW2d 65 (Tex. 1942) and *Stuart v. Whitworth*, 453 SW2d 875 (Tex. Civ. App. – Houston [1st Dist.] 1970, writ dism'd). The *Tunstill* case involved land but the Court found that the suit was primarily for the recovery of damages and the transfer to the county of the location of the land was error because there were no pleading to support such relief. In the *Stuart* case, the Court noted that the land was not an issue, as all Defendants had filed disclaimers, and again the pleadings did not raise appropriate issues.

For the proposition that given an individual injury on acts of two Defendants could proceed to judgment against any one Defendant separately or against all, the *Morgan* Court cites *Landers v. East Tex. Saltwater Disposal Co*., 248 SW2d 731 (Tex. 1952) and *Kansas University Endowment Association v. King*, 350 SW2d 11 (Tex. 1961). In the *Landers* case, the primary focus was the reversal of prior decisions holding that suit against multiple Defendants could not be maintained separately when each acted independently, without concert of action and the fact that it was difficult to attribute to damages to each Defendant individually was not

---

[20] Default Judgment, C.R. page 386 and Final Judgment Appellee Appendix 1

13

controlling. The case involved a spill of saltwater into a pond from two separate pipelines with damages inseparable. However, the Trial Court's severance of the two Defendants was reversed and remanded. In the *Kansas* case, primary focus of the Court was the distinction between separate trial and severance. The case involved a subdivision of land which had not been staked on the ground with a result that there was not sufficient area for all lots designated on paper. The Trial Court severed issues of the boundary from issues of specific lot locations. The Supreme Court reversed the severance stating "The Order of Severance fragments the case instead of spilling it along proper lines of cleavage" and instructed the trial court to adjudicate all claims, "many of which are interwoven and dependent on each other". The Court also reiterated the principal that severance is proper only where two or more separate distinct causes of action are asserted.

For the principal of discretion in the trial court in severance, the Court decided in *Womack v. Berry* 291 SW2d 677 (Tex. 1956). This case involves separate trial not severance. As pointed out in the *Kansas University* case, *supra* severance is absolutely a separate cause with a final judgment while separate trials result in only one final judgment, thus avoiding inconsistencies and double recovery. The *Womack* case as pointed, out above, also clearly makes the point that the discretion of the trial court is subject to sound, legal reasoning, based on established principals.

14

In support of severance for judicial economy, the Court cited *Mayfield v. Geichert*, 437 SW2d 638 (Tex. Civ. App.-Dallas, 1979, no writ); *Swafford v. Holman*, 446 SW2d 75 (Tex. App.-Dallas 1969, writ ref'd n.r.e.) and *Moore v. Mathis*, 369 SW2d 450 (Tex. Civ. App.- Eastland 1963, writ ref'd, n.r.e.). In the *Mayfield* case, defamation was asserted by one physician against two others and Methodist Hospital. After jury trial, the Court severed and granted judgment jnov, severed one Defendant physician from the cause against the other and the hospital, declared a mistrial as to the severed physician and granted judgment in favor of the remaining physician and the hospital. The Supreme Court observed that the hospital and the physician dismissed from liability and were found by the jury to have qualified privilege. Quite obviously, the Supreme Court found no harm in the severance. In the *Swafford* case, suit was brought against the finance company and its attorneys. The Trial Court severed the suit against the attorneys from the suit against the finance company and summary judgment was granted in favor of the attorneys. It is obvious that the Appellate Court found no harm in the severance given the summary judgment and the failure to properly preserve and present issues regarding the summary judgment. In the *Moore*, the case involved default judgment and severance, sought to be set aside or defeated by injunction against enforcement and bill of review. The Court noted:

> Severance of the cause of action against Moore from that against the remaining Defendants was within the power and jurisdiction of the

15

Court. Even if such action was erroneous, the judgment was final and appealable.

The court went on to point out that the bill of review was not properly supported.

In *Morgan* as cited by Appellee, the cases as cited by Court simply do not conflict with the fundamental rules regarding severance but are in support of the established principals. As pointed out the *Morgan* Court stated:

> Even if the trial court's severance were error, it would not be error that "was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case".

In the case before the Court there was no advantage to be served by the severance and considerable harm. Severance is inappropriate because the facts are interwoven and inappropriate because the asserted liability is the same and the damage is indivisible[21]. Double recovery fact resulted in that the default judgment against Appellant has no provision for offset or credit for judgment or recovery from the remaining Defendants[22]. There was no judicial economy or convenience served or delays to be avoided as the matter was tried the following June[23]. The default entry could easily have been left interlocutory with only one final judgment entered. Severance served no purpose.

---

[21] The Default Judgment (C.R. page 386) was based upon the claim of money had and received which was asserted against Appellant and other Defendants for money held in an account which any two of Appellants or the other Defendants had signature authority. Plaintiff's First Amended Petition, Paragraph 20, C.R. page 247, and see Appellant's Brief, page xi.
[22] Default Judgment C.R. page 386 and Final Judgment Appellee Appendix 1
[23] id.

## IX.
## CONCLUSION & PRAYER

WHEREFORE, because the granting of the Default Judgment was error and the Severance of the Default Judgment was in error, this cause should be reversed and remanded for a new trial and such other and further appropriate relief should be granted.

Respectfully submitted,

STARK & GROOM, LLP

/s/ *Steve Stark*
Steve Stark
State Bar No. 19066000
110 East Corsicana Street
Athens, Texas 75751
Phone: (903) 675-5691
Fax:     (903) 675-6454
Email: stevestark@starkandgroom.com
Attorney for Appellant

**CERTIFICATE OF COMPLIANCE and**
**CERTIFCATE OF SERVICE**

       This certifies that the undersigned has reviewed this Reply Brief of Appellant and concluded that every factual statement in it is supported by competent evidence, and that the documents included in the Appellant's Appendix are true and correct copies of the original papers and that this document is in Times New Roman 14, contains 3490 words, and Appellant's Brief contained 1,982 words, as indicated by the word count function of the computer program used to prepare it, excluding the caption, table of contents, index of authorities, index of appendix, signature, proof of service, certification, certificate of compliance, and appendix and I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing Reply Brief of Appellant and corresponding Appendix was duly served by email this the 25th day of November, 2015 as follows:

Jennifer Lovelace            Via email: jlovelace@lovelacekillen.com
Koy R. Killen              Via email:kkillen@lovelacekillen.com
Lovelace Killen P.L.L.C.
104 South Main Street
Burleson, Texas  76028

                                 */s/ Steve Stark*_____
                                 Steve Stark
                                 Attorney for Appellant