(In the Interest of C.T., a Child).

Cynthia TORRES, Appellant,

v.

Charles M. LLOYD and Carol J. Lloyd, Appellees.

No. 04–87–00319–CV.

Court of Appeals of Texas, San Antonio.

March 30, 1988.

Ricardo A. Roman, Legal Aid Ass'n, San Antonio, for appellant.

Clarence V. Bray, James A. Rausch, Rausch & Garcia, San Antonio, for appellees.

Before CADENA, C.J., and CANTU and REEVES, JJ.

## OPINION

CANTU, Justice.

This is a case in which appellant, a mother, signed an irrevocable affidavit of Relinquishment of Parental Rights and later changed her mind. Appellant in this case gave birth to C.T., the subject of this suit, on January 25, 1987. Four days after giving birth, appellant executed a Mother's Affidavit of Relinquishment of Parental Rights. This was an irrevocable affidavit containing language waiving appellant's right to notice of the hearing. Appellant then attempted to have her child returned to her the day after signing the irrevocable affidavit. When that proved unsuccessful, she sent appellees'[1] attorneys a demand for notification of the court hearing date. It is undisputed that appellees' attorney in San Antonio received appellant's demand for notice of hearing but obtained the decree terminating appellant's parental rights without giving appellant notice of the hearing. Appellant's motion for a new trial was denied. She is now before this court requesting that we set aside the Decree of Termination and grant her a new trial. We affirm the trial court's judgment.

Appellant brings two points of error. Initially, appellant alleges that the trial court erred in refusing to grant her a new trial when she brought herself within the law governing applications for new trial. As support, appellant cites Rule 320 of

the Texas Rules of Civil Procedure. In pertinent part it reads:

> New trials may be granted and judgment set aside for good cause ...

TEX.R.CIV.P. 320. Appellant further relies upon the case law governing new trials following default judgments. *See Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966) (rule for setting aside default judgment applicable to judgment entered on failure to appear after answering).

It is settled law that a default judgment may be set aside only if the defendant establishes three things:

> 1) that failure to answer or appear was not intentional or the result of conscious indifference, but was due to accident or mistake;
>
> 2) that the motion for new trial alleges specific facts setting up a meritorious defense; and
>
> 3) that granting the motion for new trial at the time it was filed would not have caused delay or otherwise injured the plaintiff. *See Ivy*, 407 S.W.2d at 213.

Appellant reasons that her failure to appear was not intentional because she did not know the trial date. She claims she did everything in her power to find out the trial date by notifying appellees' attorney that she desired to be in court. However, appellant does not deny that she intentionally signed the affidavit of relinquishment containing the waiver of citation.

The definition of waiver, according to Black's Law Dictionary, is "intentional or voluntary relinquishment of a known right." Without evidence that appellant's signature on the waiver of citation was involuntary, i.e., obtained by fraud, duress or undue influence, we must find that she intentionally waived citation and that her failure to appear was not an accident or mistake.

Appellant's brief boldly claims that she "could, and did, reinstate her right to notice of hearing even after having waived that right in the affidavit of relinquishment that was made irrevocable for 60 days."

---

**1.** Appellees were the petitioners in the suit below seeking termination.

However, appellant cites to no authority in support of this position, and we have found none. Appellant cites authority for the proposition that she remained an interested party in the case. *See Brown v. McLennan County Children's Protective Services,* 627 S.W.2d 390, 392 (Tex.1982). While the Texas Supreme Court in *Brown* did find that a parent who signed an irrevocable affidavit of relinquishment remained a party in interest for the purpose of bringing a writ of error, the *Brown* case does not in any way support appellant's contention that an irrevocable waiver of citation can be revoked. In fact, *Brown* clearly recognizes the effectiveness of a waiver of citation executed pursuant to Texas Family Code section 15.03. *See Brown,* 627 S.W. 2d at 393; TEX.FAM.CODE ANN. § 15.03 (Vernon 1986).[2] Appellant attempts to separate the waiver of citation contained within the affidavit of relinquishment itself and claims that the waiver of citation may be revoked even though the relinquishment of parental rights cannot be revoked. The affidavit of relinquishment of parental rights signed by appellant stated in part:

"I know that I have the right to appear personally before the Court, with an attorney of my choice, to testify about my desires with respect to my child. However, I do not want to go to court in person, and I do not feel that I need an attorney to appear on my behalf in the termination suit. I have had my legal rights explained to me.

"Because I do not want to testify in person before the Court, I freely and voluntarily waive and give up my right to the issuance, service and return of citation, notice and all other process in any suit to terminate my parental rights or in any suit to terminate my parental rights

joined with a suit to adopt. I do not want to be informed further about the lawsuit, and I waive and give up my right to be given notice about anything going on in the lawsuit. I specifically agree that a final hearing in the lawsuit may be held at any time without further notice to me. I do not care whether or not the official court reporter makes a record of the testimony in the lawsuit, and therefore I waive and give up my right to insist that that be done. Furthermore, I do not want to be mailed or given a copy of the judgment terminating my parental rights and do not want to be notified of the signing, rendition, or entry of that judgment. Therefore, I waive and give up my right to insist that those things be done.

"I FULLY UNDERSTAND THAT I MAY NOT BE FURTHER INFORMED ABOUT THE TERMINATION SUIT.

"... I understand that I make this termination possible by executing this affidavit. With that in mind, I hereby declare that this Affidavit of Relinquishment of Parental Rights is and shall be irrevocable for 60 days. I FULLY UNDERSTAND THAT, IF I CHANGE MY MIND, I CANNOT FORCE THE MANAGING CONSERVATORS TO DESTROY, REVOKE OR RETURN THIS AFFIDAVIT AND THAT I CANNOT TAKE BACK OR UNDO THIS AFFIDAVIT IN ANY WAY DURING THIS 60-DAY PERIOD. I FURTHER UNDERSTAND THAT MY PARENTAL RIGHTS PROBABLY WILL HAVE ALREADY BEEN ENDED FOR ALL TIME BEFORE THIS 60-DAY PERIOD EXPIRES.

\*　　\*　　\*　　\*　　\*　　\*

2. Affidavit of Relinquishment of Parental Rights

\*　　\*　　\*　　\*　　\*　　\*

(c) The affidavit may contain:

\*　　\*　　\*　　\*　　\*　　\*

(2) a waiver of process in a suit to terminate the parent-child relationship brought under Section 15.02(1)(K) of this code, or in a suit to terminate joined with a petition for adoption under Section 16.03(b) of this code;

.　　.　　.　　.　　.

(d) An affidavit of relinquishment of parental rights which designates as the managing conservator of the child the Texas Department of Human Services or an agency authorized by the Texas Department of Human Services to place children for adoption is irrevocable. Any other affidavit of relinquishment is revocable unless it expressly provides that it is irrevocable for a stated period of time not to exceed 60 days after the date of execution. TEX.FAM.CODE ANN. § 15.03 (Vernon 1986).

"I REALIZE THAT I SHOULD NOT SIGN THIS AFFIDAVIT UNTIL I HAVE READ AND UNDERSTAND EACH WORD, SENTENCE AND PARAGRAPH IN IT. I REALIZE THAT I SHOULD NOT SIGN THIS AFFIDAVIT OF RELINQUISHMENT IF THERE IS ANY THOUGHT IN MY MIND THAT I MIGHT SOMEDAY SEEK TO CHANGE MY MIND. I REALIZE THAT I SHOULD NOT SIGN THIS AFFIDAVIT OF RELINQUISHMENT IF I AM NOT THINKING CLEARLY BECAUSE OF ILLNESS, MEDICATION, MY EMOTIONAL STATE OR ANY OTHER REASON. BECAUSE I REALIZE HOW IMPORTANT THIS DECISION IS FOR THE FUTURE OF MY CHILD, I HAVE PUT MY INITIALS BESIDE EVERY LINE OF THIS PARAGRAPH SO THAT IT WILL ALWAYS BE UNDERSTOOD THAT I HAVE READ THIS AFFIDAVIT OF RELINQUISHMENT, UNDERSTAND IT AND DESIRE TO SIGN IT."

(emphasis in original).

We find that the relinquishment of parental rights and the waiver of citation signed by appellant were one instrument, and that the waiver of citation was irrevocable for 60 days. We hold that appellant could not, and did not, reinstate her right to notice of hearing the day after signing this affidavit. The trial court did not abuse its discretion in refusing to grant appellant a new trial when she failed to allege and prove that the affidavit was not intentionally and voluntarily executed and that she had not given up her right to appear. Appellant's first point of error is overruled.

In her second point of error, appellant assigns as error the trial court's failure to grant a new trial, allegedly in violation of appellant's due process rights and natural rights as a parent. Appellant insists that she was entitled under the constitution to notice of the hearing terminating her parental rights.

This very question was addressed by the Texas Supreme Court in *Brown,* and the constitutionality of this exact type of pre-suit waiver of citation was upheld. *Brown,* *supra,* 627 S.W.2d at 393. The court in *Brown* stated:

> The criteria for constitutionality set out by the U.S. Supreme Court is: the party voluntarily, intelligently, and knowingly waived their [sic] rights to notice and hearing with full awareness of the legal consequences.

*Id.* Appellant concedes that her motion for new trial failed to allege facts supporting any defense that the affidavit was obtained by fraud, undue influence, overreaching or the like. Therefore, there can be no error in the trial court's overruling of appellant's motion for new trial.

Appellant attempts to distinguish her case from *Brown* in that *Brown* involved a mother who did not attempt to revoke her affidavit of relinquishment until after the termination decree had already been entered. Appellant, on the other hand, notified appellee of her desire to revoke before the termination hearing took place. We believe that this distinction does not affect the constitutionality of the statute. *See* TEX.FAM.CODE ANN. § 15.03(c), (d) (Vernon 1986). Even constitutional rights can be waived, and that is what appellant has done in this case. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.