**Larry ADAIR and Wife, Linda Adair, Relators,**

v.

**Honorable Andy KUPPER, Judge, Respondent.**

No. 07–94–0335–CV.

Court of Appeals of Texas, Amarillo.

Dec. 19, 1994.

Rehearing Overruled Jan. 17, 1995.

Brown Law Firm LLP by Mike Brown, Lubbock, for relators.

Gary A. Goff, Dist. Atty., Jay M. (Pat) Phelan, County Atty., Levelland, for respondent.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

This original mandamus proceeding requires us to determine whether a juvenile's parents, who have been summoned to appear to answer allegations in the State's petition for juvenile adjudication, by which the State seeks, *inter alia,* to hold the parents monetarily liable, are entitled to participate through their attorney in the hearing. Holding that the parents are so entitled, we will conditionally grant the writ of mandamus requiring respondent to vacate his order denying the parents' attorney the right to participate in the hearing.

By its amended petition, for which approval by a grand jury was sought, the State moved for adjudication and disposition by a determinate sentence for thirteen year old Mitchell Ennis Adair, the son of relators Larry Adair and Linda Adair, upon the allegation that he had engaged in delinquent conduct by committing the offense of murder. In so moving, the State prayed for the parents to be ordered to appear and show cause why they should not be ordered to pay the attorney's fee of any court appointed attorney to represent the child, court costs, restitution if appropriate, and support for the child if necessary.

Respondent, Honorable Andy Kupper, Judge of the 286th District Court of Cochran County, appointed an attorney to represent the child, and granted the parents' retained attorney leave to enter his appearance. The parents' attorney participated without restraint in pretrial hearings; however, before the scheduled date of the adjudication trial, respondent signed an order permitting the parents' attorney to appear during the trial and consult with the child's appointed attorney, but prohibiting him from engaging in voir dire, presenting an opening statement to the jury, presenting, examining, or cross-examining witnesses, presenting trial objections, presenting summation and final argument, and presenting objections to the court's charge. Unsuccessful in moving the court to vacate the order, relators petitioned for a writ of mandamus to compel the court to vacate the order.

The trial court's order was signed in proceedings initiated and controlled by the provisions of Title 3, sections 51.01–57.007, of the Texas Family Code Annotated (Vernon 1986 & Supp.1995). In endeavoring to uphold the order, the State acknowledges that the definition of a "party" under those provi-

sions includes "the child's parent," sec. 51.02(10);[1] that issuance of summons to, and service on, the parent to appear and answer the allegations are required, secs. 53.06–53.07; and that the parent is included among those who appear to the court "to be a proper or necessary party to the proceeding." Sec. 53.06(a). Nevertheless, the State submits that since the notice requirements must be satisfied for the juvenile court to acquire jurisdiction to consider discretionary transfer, *In the Matter of D.W.M.*, 562 S.W.2d 851, 852 (Tex.1978), and section 54.03(b) specifies only the child's right to representation by an attorney, the Code stops short of granting rights of full appearance of counsel to any other party. Thus, the State concludes, the parents are not entitled to actively participate in the hearing through their attorney.

At the outset, it should be noticed that the issue for our determination is not whether a party other than the juvenile is entitled to participate in the hearing through counsel, but whether the parents, whom the State seeks to hold liable for all fees, expenses, and costs that may result from the hearing, are entitled to participate through their attorney in the hearing. And, in this regard, it should also be noticed that there is no challenge to the propriety of the determination of the issue by mandamus because of an inadequate remedy at law. *See Walker v. Packer*, 827 S.W.2d 833, 843 (Tex.1992).

Without the necessity of specifically addressing the parents' claims of abridgment of their parental rights and violations of their federal and state constitutional rights,[2] it suffices to state that when the State summoned the parents to answer the allegations of their monetary liability, the parents were made actual parties to the proceeding who will be bound by the court's judgment. *Chandler v. Welborn*, 156 Tex. 312, 294 S.W.2d 801, 809 (1956). As parties to the proceeding, the parents have the right to appear and defend their rights, either in person or by an attorney of the court. Tex.R.Civ.P. 7.

It long has been the rule that before being made to suffer, either in person or property, parties are entitled to their day in court, *i.e.*, by appearing, by being represented by counsel of their own choosing, and by defending the suit, *Swartz v. Swartz*, 76 S.W.2d 1071, 1071–72 (Tex.Civ.App.—Dallas 1934, no writ), particularly when it is claimed they are liable on an unliquidated claim for the recovery of money. *Rainwater v. Haddox*, 544 S.W.2d 729, 733 (Tex.Civ.App.—Amarillo 1976, no writ). It has been held that to deny a litigant the right to be heard in court by counsel of his own selection is fundamental error. *Arnold v. Fort Worth & D.S.P. Ry. Co.*, 8 S.W.2d 298, 301 (Tex.Civ.App.—Amarillo 1928, no writ).

Consequently, because the State made the parents parties to its action and sought to hold them monetarily liable, the parents cannot be deprived of the right to appear and resist, by the attorney of their choice, the basis for, and the amount of, their alleged liability. The trial court's order effectively deprived the parents of this right, thereby amounting to a clear and prejudicial error of law. It follows that in making the order, respondent clearly abused his discretion, which is correctable by a writ of mandamus. *Walker v. Packer*, 827 S.W.2d at 839.

Accordingly, we direct respondent to vacate his order prohibiting the parents' counsel from participating in the trial. Confident that respondent will comply promptly, our writ will issue only if he does not vacate the order.

---

1. Citations of sections are those sections of the Texas Family Code Annotated (Vernon 1986 & Supp.1995).

2. The parents predicate their claim of abridgment of parental rights on section 12.04 of the Texas Family Code, their claim of violation of their right to due process on Amendment 14 to the United States Constitution, and their claim of violation of their right to due course of law on Article V, Section 6, of the Texas Constitution.