172 S.W.3d 155 (2005)
In the Matter of J.A.G., JR.
No. 09-04-459 CV.
Court of Appeals of Texas, Beaumont.
August 11, 2005.
*157 David Kallus, The Woodlands, for appellants.
David K. Walker, County Atty., Chris Allen, Asst. County Atty., Conroe, for appellee.
Before McKEITHEN, C.J., KREGER, and HORTON, JJ.

OPINION
CHARLES KREGER, Justice.
The trial court found J.A.G., Jr., engaged in delinquent conduct by committing the offense of burglary of a habitation. The trial court further found his parents, Maria Zamora and Jose Garcia, Sr., "have by wilful act or omission, contributed to, caused, or encouraged [J.A.G.'s] delinquent conduct." Pursuant to TEX. FAM.CODE ANN. § 54.041 (Vernon Supp.2005), the trial court entered an Order Affecting Parents and Others. The trial court also entered an Order for Payment of Fees in accordance with TEX. FAM.CODE ANN. § 54.0411(b) (Vernon 2002). Subsequently, Zamora and Garcia filed a notice of restricted appeal.
Zamora and Garcia alleged that neither participated in a hearing that resulted in the Order for Payment of Fees, entered August 25, 2004. The Order for Payment of Fees recites that a hearing was held on August 25, 2004. Appellants assert they are not aware of any hearing that took place on that date and that if it did, neither of them received notice of the hearing. Further, appellants allege that neither participated in a hearing that resulted in the Order Affecting Parents and Others, entered August 16, 2004. The Order Affecting Parents and Others recites that on August 16, 2004, the Motion for Parenting Orders "came on to be heard." Appellants assert the motion was not addressed at the August 16 hearing, therefore there was no hearing on the motion and the Order did not result from a hearing in which either Zamora or Garcia participated. Appellants also claim Garcia was not present on August 16.
A restricted appeal must: (1) be brought within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who did not participate in the actual trial, and (4) the error complained of must be apparent from the face of the record. Norman Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997). The record reflects appeal was brought within six months of entry of the trial court's orders. Zamora and Garcia *158 became parties to the proceedings when they were served with the original petition and issued a summons to appear at a hearing in their son's case. See Adair v. Kupper, 890 S.W.2d 216, 217-18 (Tex.App.-Amarillo 1994, no pet.). Accordingly, the first two requirements for a restricted appeal have been met.
We now turn to the issue of whether Zamora or Garcia participated in the proceedings. When analyzing the participation requirement, the question is whether the appellant took part in the decision-making event that resulted in the adjudication of his rights. Texaco, Inc. v. Cent. Power & Light Co., 925 S.W.2d 586, 589 (Tex.1996). "Participation in the decision-making event producing the final judgment adjudicating a party's rights will cut off that party's ability to proceed by restricted appeal." Clopton v. Pak, 66 S.W.3d 513, 516 (Tex.App.-Fort Worth 2001, pet. denied). The nature and extent of participation that precludes a restricted appeal is a matter of degree. Texaco, Inc., 925 S.W.2d at 589.
The record reflects Zamora signed a "Waiver of Rights" form which provides, "I further do hereby enter by appearance for all purposes, including the assessment of fees, costs, and restitution, if appropriate." She was present at the hearing conducted August 16, 2004. On the same day, Zamora signed the Order Affecting Parents and Others. Above her signature is the following:
"WARNING: You are hereby notified that failure to comply with the attached orders can result in contempt. . . ."
1. Order Affecting Parents and Others
2. Order for Payment of Fees
The Order for Payment of Fees, although not signed until August 25, was filed for record on August 16.
The decision-making event in this case is the August 16 hearing. Zamora was present and signed the Order Affecting Parents and Others, which includes an acknowledgment of the Order for Payment of Fees. Under these facts, we conclude that Zamora participated in the decision-making events that resulted in the orders at issue in this case. Accordingly Zamora's appeal is dismissed for want of jurisdiction. See TEX.R.APP. P. 30.
Regarding Garcia, the record reflects he was not present at the August 16 hearing. While the State asserts Garcia received adequate notice, the State makes no argument that Garcia participated in the decision-making event so as to cut off his ability to proceed by restricted appeal. See Rivero v. Blue Keel Funding, L.L.C., 127 S.W.3d 421, 423 (Tex.App.-Dallas 2004, no pet.). We find Garcia did not participate in the decision-making event that produced the orders in question.
The final requirement is that the complained-of error appear on the face of the record.
Review by restricted appeal entitles the appellant to the same scope of appeal as an ordinary appeal, except the error must appear on the face of the record. TEX.R.APP. P. 30; Norman Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex.1997) (per curiam). For purposes of a restricted appeal, the record consists of all documents on file with the trial court at the time of judgment. Norman Communications, 955 S.W.2d at 270.
Armendariz v. Barragan, 143 S.W.3d 853, 854 (Tex.App.-El Paso 2004, no pet.).
Garcia alleges there is error on the face of the record in that the Orders were entered in violation of his right to due process because he never received notice. Garcia further complains the State failed *159 to obtain a hearing and adduce evidence on the issues addressed by the Orders.
The Family Code provides that in order to comply with due process requirements, the juvenile court shall provide notice of a proposed juvenile order and a sufficient opportunity for the parent to be heard regarding the proposed order. See TEX. FAM.CODE ANN. § 61.003 (Vernon Supp.2005). The record reflects Garcia was served with the original petition and issued a summons to appear in court at the place, date and time of the original hearing. The original petition gave Garcia notice of the claims for fees and restitution sought by the County. Section 51.115 of the Texas Family Code mandates that each parent of a child attend each hearing affecting the child, subject to contempt powers of the court. See TEX. FAM.CODE ANN. § 51.115 (Vernon 2002). At the August 16, 2004 hearing, the trial court asked where Garcia was and Zamora replied, "Working." She admitted they live together as man and wife and the record reflects they are married. The trial court questioned whether Garcia had signed the parent order and counsel for J.A.G. stated, "He is not coming, Judge." Zamora said, "Sir, what can I say? I'm here for my son, and I can't make my husband do it."
A defendant who makes an appearance following service of process is entitled to notice of the trial setting as a matter of constitutional due process. Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 86, 108 S.Ct. 896, 899-900, 99 L.Ed.2d 75, (1988); LBL Oil Co. v. Int'l Power Serv., Inc., 777 S.W.2d 390, 390-91 (Tex.1989). The same is not true if the defendant fails to answer or otherwise appear. The law imposes no duty on the plaintiff to notify a defendant before taking a default judgment when he has been served properly with the citation and petition, and nonetheless has failed to answer or otherwise appear. See Brooks v. Assoc. Fin. Servs. Corp., 892 S.W.2d 91, 94 (Tex.App.-Houston [14th Dist.] 1994, no writ).
Wilson v. Wilson, 132 S.W.3d 533, 536 (Tex.App.-Houston [1st Dist.] 2004, pet. denied). It is uncontested that Garcia was served. Garcia does not contest the propriety of the citation or the method of service. Although the record does not reflect Garcia was informed of the date of the August 16 hearing, he had been put on notice of the claims that were adjudicated at that hearing. Because he failed to appear in response to the original citation, the court could adjudicate those claims without further notice. We find Garcia has failed to show error on the face of the record regarding his claim that he had no notice.[1]
We now turn to Garcia's complaint that the record is insufficient to support the trial court's orders. Specifically, Garcia claims there is no evidence (1) that J.A.G.'s parents, by willful act or omission, contributed to, caused or encouraged J.A.G.'s delinquent conduct; (2) that J.A.G.'s parents are financially able to pay; and (3) of the amounts ordered by the trial court.
The record contains Recommendations for Detention by Referee wherein the Referee found, "The parent/guardian lacks sufficient parenting skills to provide adequate supervision." Also in the record is a Social History Summary for J.A.G. It states, "Based on the two referrals received. . . it appears that the parents are having a difficult time keeping the child *160 under control. Neither incident was reported to the department by the parents nor had they reported difficulty controlling the child. The parents present the appearance that they are trying to control the child. They have taken no action that would support that appearance." Thus, there is evidence on the face of the record to support the trial court's finding.
The record does not show, on its face, that the parents are unable to pay and the Summary states both parents are employed. Moreover, Garcia does not refer this court to any authority that a finding of ability to pay is required to enter an Order for Payment of Fees. It is, however, an affirmative defense in an enforcement hearing. See TEX. FAM.CODE ANN. § 61.056 (Vernon Supp.2005).
The Summary reflects amounts for restitution, detention, UA fees, court costs, and Kid Chat. The record contains an Affidavit of the Itemized Time, Services and Expenses for Court Appointed Counsel. A report from the court-appointed investigator contains facts regarding the amount owed in restitution and the investigator's rates and expenses. This constitutes some evidence supporting the fees ordered to be paid.
Garcia relies on the fact that no evidentiary hearing was conducted and fails to address the evidence filed with the trial court or explain why that evidence is insufficient to support the trial court's orders. See TEX.R.APP. P. 38.1(h). See Michiana Easy Livin' Country, Inc. v. Holten, 168 S.W.3d 777, at 781-82 (Tex. 2005, pet. for rehearing filed) (not yet released for publication) ("both the Legislature and this Court have discouraged oral presentation of testimony and evidence when they can be fairly submitted in writing.") For all these reasons, we find Garcia has failed to show error on the face of the record. Having failed to meet all the requirements for a restricted appeal, we dismiss Garcia's appeal for want of jurisdiction. See TEX. R.APP. P. 30.
DISMISSED FOR WANT OF JURISDICTION.
NOTES
[1] We note that Garcia is entitled to raise as an affirmative defense to enforcement of a juvenile court order that the juvenile court did not provide him with due process of law in the proceeding in which the order was entered. TEX. FAM.CODE ANN. § 61.055(g) (Vernon Supp. 2005). References