196 S.W.3d 434 (2006)
In The Interest of J.P., D.P., and C.G., Minor Children.
No. 05-05-01069-CV.
Court of Appeals of Texas, Dallas.
June 20, 2006.
*436 Cynthia Woolen Allen, Law Office of Scottie D. Allen & Associates, Dallas, for Appellant.
Ladeitra Dshun Adkins, Phong Le, Michael D. Munden, Dallas, for Appellee.
Before Justices MOSELEY, FITZGERALD, and FRANCIS.

OPINION NUNC PRO TUNC
Opinion by Justice FRANCIS.
On the Court's own motion, we issue this opinion nunc pro tunc to correct an error in our opinion of June 12, 2006. We VACATE and WITHDRAW our opinion and judgment dated June 12, 2006. This is now the opinion of the Court.
Jose Garcia appeals the trial court's judgment terminating his parental rights to C.G. In three issues, appellant contends the trial court erred in terminating his parental rights without notice, failing to grant him a new trial, and dismissing his sister's petition in intervention. We affirm.
C.G. was born on August 24, 2004. At the time of his birth, his mother, Olivia James, was jailed for a drug-related parole violation. James named appellant as C.G.'s probable father, but she admitted to a CPS caseworker that Jeremiah Pope, the father of C.G.'s half-siblings J.P. and D.P., could also be C.G.'s father. The Dallas County Child Protective Services Unit of the Texas Department of Protective and Regulatory Services (CPS) took possession of C.G. after his birth.
On August 25, 2004, CPS filed an amended petition naming appellant as C.G.'s father and requesting that CPS be named as temporary managing conservator of C.G. On October 4, 2004, CPS filed a petition to terminate the parental rights of James, Pope, and appellant. Trial was set for June 6, 2005.
On November 29, 2004, appellant filed a letter with the trial court in which he questioned his paternity of C.G. and requested a paternity test. On December 6, *437 2004, the trial court appointed appellant's sister, Letitia Isabel Garcia (Garcia) as temporary possessory conservator of the children. On March 2, 2005, a deputy sheriff served citation on appellant in person at the prison unit where appellant was an inmate. Appellant did not file an answer.
On March 28, 2005, Garcia filed a petition in intervention seeking appointment as sole managing conservator of C.G. only. After James moved to strike the intervention, Garcia filed an objection to the motion and attached a sworn affidavit from appellant styled "Waiver of Citation and Consent To Paternal Aunt." In his affidavit, appellant acknowledged that he was C.G.'s biological father, and he consented to Garcia's appointment as sole managing conservator. Appellant's affidavit concluded as follows:
I enter my appearance in this case for all purposes and waive the issuance, service, and return of citation on me. I agree that the Petition may be amended, and that the case may be taken up and considered by the Court without further notice to me. I waive the making of a record of testimony.
On June 1, 2005, the trial court held a hearing on James's motion to strike the intervention. Appellant was not given notice of the hearing. During the hearing, the trial court struck Garcia's petition on the ground she lacked standing to intervene.
After a short break, the trial court conducted a second hearing to prove up the default judgment against appellant and Pope. CPS admitted into evidence James's affidavits relinquishing her parental rights to the children. In accordance with an agreement between James and CPS, and on the recommendations of James and a CPS caseworker, the trial court terminated appellant's parental rights, but did not terminate James's and Pope's parental rights. James's parents in California were named permanent managing conservators of all three children. James was named as a possessory conservator and ordered to pay child support.
In his first issue, appellant contends the trial court erred in terminating his parental rights without first notifying him of the trial setting. Appellant suggests that we construe his letter requesting paternity testing as an answer, thus entitling him to notice of the termination proceeding. Alternatively, appellant contends his failure to answer was the result of accident or mistake in that he consented to the appointment of Garcia as managing conservator, but he did not consent to termination of his rights without a hearing after Garcia's intervention was struck. Appellant also contends the termination of his parental rights without notice deprived him of constitutional due process of law. We disagree with appellant's contentions.
A defendant who appears and files an answer in some form is entitled to notice of his trial setting. TEX.R. CIV. P. 245; LBL Oil Co. v. Int'l Power Servs., Inc., 777 S.W.2d 390, 390-91 (Tex.1989); Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988). In the absence of an answer or appearance, a plaintiff is entitled to take a default judgment without notice to the defendant. In re R.R., 189 S.W.3d 915, 917 (Tex.App.-Dallas 2006, pet. filed); Wilson v. Wilson, 132 S.W.3d 533, 536 (Tex.App.-Houston [1st Dist.] 2004, pet. denied). A letter filed by a defendant may serve as an answer sufficient to avoid default judgment if it identifies the parties, the case, and provides the defendant's current address. Smith v. Lippmann, 826 S.W.2d 137, 138 (Tex.1992).
In this case, appellant was served with citation and the petition for termination of *438 his parental rights. Appellant did not file a formal answer. Before being served with the petition, appellant did file a letter stating the cause number and a partial case style. The letter does not, however, provide appellant's address for service nor does it respond directly to the allegations in the petition for termination. The body of the letter states in its entirety:
I, Jose Reynaldo Garcia, I am requesting a DNA paternity test to be done to determine if I am the father of [C.G.]. I would greatly appreciat[e] if you could expediate this process.
Because appellant's letter does not provide an address for notice, it does not meet the minimum Lippmann requirements to qualify as an answer. See Lippmann, 826 S.W.2d at 138. See also In re K.B.A., 145 S.W.3d 685, 690-91 (Tex.App.-Fort Worth 2004, no pet.) (father's letter denying allegations, objecting to trial court's jurisdiction, and identifying the parties, the parties' addresses, the children, and the cause number, constituted an answer to termination petition).
Appellant did enter an appearance in connection with his affidavit. The affidavit, however, expressly waives his right to notice of the trial court's proceedings. During oral argument, appellant suggested that we interpret the waiver as applying only to Garcia's intervention. The waiver contains no such limitations.
Appellant did not raise his due process complaint in the trial court and, thus, failed to preserve it for appeal. See In re L.M.I., 119 S.W.3d 707, 711 (Tex. 2003), cert. denied, 541 U.S. 1043, 124 S.Ct. 2175, 158 L.Ed.2d 733 (2004); Tex. Dept. of Protective & Regulatory Servs. v. Sherry, 46 S.W.3d 857, 861 (Tex.2001). Moreover, appellant's due process argument is unsustainable given his express waiver of notice. Personal constitutional rights governing trial procedures may be waived. Commodity Futures Trading Comm'n v. Schor, 478 U.S. 833, 848-49, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986). An enforceable waiver must be executed voluntarily, intelligently, and knowingly, with full awareness of its legal consequences. Brown v. McLennan County Children's Protective Services, 627 S.W.2d 390, 393 (Tex.1982) (concluding parent's voluntary execution of affidavit of relinquishment of parental rights containing waiver of process in termination proceeding did not violate parent's right to due process of law). Nothing in our record shows appellant did not understand the waiver he was signing. Appellant's dissatisfaction with the outcome of the proceedings does not render involuntary his waiver of notice. See Interest of C.T., 749 S.W.2d 214, 217 (Tex. App.-San Antonio 1988, no writ) (concluding mother who voluntarily waived notice of trial setting as part of affidavit of relinquishment of parental rights was not deprived of due process of law when her parental rights were terminated without notice to her of trial setting). We overrule appellant's first issue.
In his second issue, appellant contends the trial court erred in failing to grant his motion for new trial. We review the trial court's determination to deny a motion for new trial under an abuse of discretion standard. Dir., State Employees Worker's Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex.1994). A trial court should set aside a default judgment and grant a new trial if the defendant shows: (1) the failure to appear was not intentional or the result of conscious indifference, but was due to accident or mistake; (2) the defendant has a meritorious defense; and (3) granting the motion will not cause delay or injure the plaintiff. Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.1939). In applying the Craddock factors, the trial court considers *439 "the knowledge and acts of the defendant" as reflected in the record. See Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 82 (Tex.1992).
Citing K.B.A., appellant contends that because he was not notified of the trial setting, his failure to appear was not intentional or the result of conscious indifference and, therefore, he is entitled to a new trial without regard to the other prongs of the Craddock test. In K.B.A., however, the parent filed a letter qualifying as an answer and did not waive notice of the trial setting. See K.B.A., 145 S.W.3d at 690-92. In the present case, appellant did not file an answer and then expressly waived notice. We conclude appellant's failure to appear was intentional rather than accidental and, therefore, he cannot meet even the first prong of Craddock. See R.R., 189 S.W.3d at 917-19; C.T., 749 S.W.2d at 215. Appellant's motion for new trial does not address the other Craddock factors. Finding no abuse of discretion, we overrule appellant's second issue.
In his third issue, appellant contends the trial court erred in striking Garcia's petition in intervention because Garcia had standing as a person with "substantial past contact" with C.G. See TEX. FAM.CODE ANN. § 102.004(b) (Vernon Supp.2005) (providing relaxed standing requirements for intervention for a grandparent or "other person deemed by the court to have had substantial past contact with the child . . . ."); see also In re A.M., 60 S.W.3d 166, 168-69 (Tex.App.-Houston [1st Dist.] 2001, no pet.).
Garcia did not appeal the dismissal of her intervention. Appellant's appeal is limited to matters in which he has a justiciable interest. Kenseth v. Dallas County, 126 S.W.3d 584, 594 (Tex.App.-Dallas 2004, pet. denied). Appellant may not appeal errors that do not affect him or that affect only the rights of others. Torrington Co. v. Stutzman, 46 S.W.3d 829, 843 (Tex.2000). The trial court's ruling on Garcia's intervention, even if erroneous, did not affect the termination of appellant's parental rights. Accordingly, we conclude appellant does not have a justiciable interest to appeal the dismissal of Garcia's intervention.
Moreover, assuming appellant has a justiciable interest, Garcia did not raise an issue of her standing under section 102.004(b) in the trial court below and thus waived the issue for appeal. See TEX. R.App. P. 33.1(a)(1). In her petition and her objection to James's motion, Garcia asserted, without providing any details, that she had standing and "meritorious standing." On the day of the hearing, Garcia filed her first amended petition in intervention providing the following explanation of her standing to intervene:
"12. Intervenor's Standing in Suit of Intervention
Intervenor has standing to bring this suit in that Intervenor, LETICIA ISABEL GARCIA, is the paternal aunt of the child.
Intervenor has standing to bring this suit in that Intervenor, LETICIA ISABEL GARCIA, is the person with whom the child has resided with since December 8, 2005.
Intervenor has standing to bring this suit in that the biological father of [sic] has entered appearance in this suit and has consented to Intervenor, his sister, LETICIA ISABEL GARCIA to being the sole managing conservator of his biological son [C.G.], the child subject of this suit in intervention. . . ."
Garcia filed an amended objection raising similar grounds for standing.
*440 During the hearing, Garcia asserted she had standing under section 102.005 and cited Rodarte v. Cox which discusses standing requirements under the predecessor statute to section 102.005. See TEX. FAM.CODE ANN. § 102.005 (Vernon 2002) (discussing standing requirements to file adoption proceedings); Rodarte v. Cox, 828 S.W.2d 65, 69-70 (Tex.App.-Tyler 1991 writ denied). No party to this suit has filed for adoption, and citations to authority under section 102.005 are inapposite. Thus, Garcia did not raise in the trial court an issue of her standing under section 102.004(b).
Finally, even if appellant had a justiciable interest and Garcia's standing contention was preserved for appeal, we could not conclude that it is meritorious. We review the trial court's determination to strike the intervention under an abuse of discretion standard. See Mendez v. Brewer, 626 S.W.2d 498, 499 (Tex.1982). We will not find an abuse of that discretion unless the trial court's determination was arbitrary or unreasonable. A.M., 60 S.W.3d at 168.
Garcia possessed C.G. for less than six months. Appellant cites no authority holding that a trial court abuses its discretion by finding such a period to be insufficient to qualify the intervenor as a person with "substantial past contact." Without expressing agreement or disagreement with the trial court's determination, we conclude that it was neither unreasonable nor arbitrary for the trial court to strike Garcia's intervention for want of standing. We overrule appellant's third issue.
We affirm the trial court's judgment.