

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-10-107-CV

IN RE THE GLADNEY CENTER

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

Mother signed an irrevocable affidavit for voluntary relinquishment of her parental rights and designated The Gladney Center as the managing conservator of her child.  Mother's affidavit waived her right to issuance of service, return of the citation, notice, and all other process in the suit filed to terminate her parental rights. Mother thereafter retained an attorney, signed a purported revocation of her affidavit of voluntary relinquishment, and sent a copy of the revocation to The Gladney Center.  The trial court subsequently signed a judgment terminating Mother's rights to her child.

---

[1] *See* Tex. R. App. P. 47.4.

Mother timely filed an unverified motion for new trial, alleging that the evidence was legally and factually insufficient to terminate her rights, that there was newly discovered evidence, and that she had signed the affidavit of relinquishment as the result of coercion, duress, undue influence, and overreaching by The Gladney Center.[2] The trial court conducted a hearing on Mother's motion for new trial and granted it without stating a reason. Later, while this mandamus proceeding was pending, the trial court signed an amended order granting a new trial on the ground that Mother did not receive proper notice of the termination proceeding.

The Gladney Center seeks mandamus relief from the trial court's order granting a new trial. The Gladney Center claims that Mother's affidavit of relinquishment is irrevocable, that Mother waived all notice of the termination proceeding, that Mother submitted no evidence at the new trial hearing, that the trial court abused its discretion by granting a new trial, and that The Gladney Center has no adequate remedy at law because it is entitled to enforcement of Mother's irrevocable affidavit of relinquishment and the waiver provisions therein.

Texas Family Code section 161.103 sets forth the requirements of an affidavit of voluntary relinquishment. Tex. Fam. Code Ann. § 161.103 (Vernon 2008). Section 161.103(e) provides that an affidavit of relinquishment that designates a

---

[2] Mother also filed a verified, amended motion for new trial, but it was not timely because it was not filed within thirty days of the termination judgment. *See* Tex. R. Civ. P. 329b(a) (requiring motion for new trial to be filed within thirty days of the judgment).

licensed child-placing agency, like The Gladney Center, as the child's managing conservator "is irrevocable."  *Id*. § 161.103(e).[3]  The family code specifically authorizes a parent executing a voluntary affidavit of relinquishment to waive, in the affidavit of relinquishment, process in the subsequent termination suit.  *Id.*  And finally, section 161.211(c) provides that a direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment of parental rights is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit.  *Id*. § 161.211(c) (Vernon 2008).

Mother signed an irrevocable affidavit of relinquishment under 161.103(e). That affidavit also provided:

> **I FREELY AND VOLUNTARILY WAIVE AND GIVE UP MY RIGHT TO THE ISSUANCE, SERVICE, AND RETURN OF CITATION, NOTICE, AND ALL OTHER PROCESS IN THE TERMINATION LAWSUIT**.  I waive and give up my right to be given notice about any proceedings in the termination lawsuit.  I agree that The Gladney Center may amend its petition at any time without notice to me. I agree that hearings may be held in the termination lawsuit at any time without notice to me.  I do not want to be informed about the termination lawsuit, and I waive and give up my right to be given notice about anything going on in the lawsuit.  I fully understand that I will not be further informed about the termination of parental rights suit.  I SPECIFICALLY AGREE THAT A FINAL HEARING IN THE TERMINATION LAWSUIT MAY BE HELD AT ANY TIME.  I DO NOT WISH TO RECEIVE A COPY OF THE FINAL JUDGMENT.

---

[3] Section 161.103(g) sets forth procedures to revoke an affidavit of relinquishment, but this subsection applies only to relinquishments that are revocable.  *Id*. § 161.103(g).  And even when an affidavit of relinquishment is revocable, it must be revoked within ten days of the date on which the affidavit is executed.  *Id*. § 161.1035 (Vernon 2008).

The trial court's amended order granting a new trial indicates that the trial court granted a new trial because it found "that The Gladney Center did not give [Mother's attorney] notice of the scheduled termination trial, violating [Mother's] right to due process."

The provision in Mother's affidavit of relinquishment waiving process in the termination suit is expressly authorized by the family code. *See id*. § 161.103(c)(1) ("The affidavit may contain:  (1) a waiver of process in a suit to terminate the parent-child relationship . . . ."); *see also In re C.T.*, 749 S.W.2d 214, 215–16 (Tex. App.—San Antonio 1988, no writ).  Such a waiver of process is binding on Mother absent pleading and proof relating to fraud, duress, or coercion in the execution of the affidavit.  *See* Tex. Fam. Code Ann. § 161.211(c) (limiting attacks on termination judgment based on affidavit of voluntary relinquishment to issues relating to fraud, duress, or coercion in the execution of the affidavit); *Brown v. McLennan Co. CPS*, 627 S.W.2d 390, 393–94 (Tex. 1982) (upholding statutory waiver of process provision against constitutional challenge); *C.T.*, 749 S.W.2d at 217; *see also In re Prudential*, 148 S.W.3d 124, 132 (Tex. 2004) (orig. proceeding) (holding contractual jury waiver binding on party absent evidence waiver was not knowingly and voluntarily executed).  Mother offered no evidence at the motion for new trial hearing. Consequently, no evidence exists on the issues of fraud, duress, or coercion in Mother's execution of her affidavit of voluntary relinquishment.  In the absence of such evidence, the trial court abused its discretion by granting a new trial based on

4

lack of notice to Mother when she expressly waived such notice in her affidavit of voluntary relinquishment.

We conditionally grant the writ of mandamus requested by The Gladney Center. The trial court shall immediately set aside the March 19, 2010 order granting a new trial and the April 9, 2010 amended order granting a new trial. The writ will issue only if the trial court fails to do so. Once the trial court sets aside the March 19, 2010 order granting a new trial and the April 9, 2010 amended order granting a new trial, our stay order of April 7, 2010 is ordered dissolved.

SUE WALKER
JUSTICE

PANEL: WALKER and MCCOY, JJ.

DELIVERED: May 20, 2010

5