COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-10-107-CV

 

 

IN RE THE GLADNEY CENTER

 

                                                       ------------

 

                                           ORIGINAL PROCEEDING

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

Mother
signed an irrevocable affidavit for voluntary relinquishment of her parental
rights and designated The Gladney Center as the managing conservator of her
child.  Mother=s affidavit
waived her right to issuance of service, return of the citation, notice, and
all other process in the suit filed to terminate her parental rights.  Mother thereafter retained an attorney,
signed a purported revocation of her affidavit of voluntary relinquishment, and
sent a copy of the revocation to The Gladney Center.  The trial court subsequently signed a
judgment terminating Mother=s
rights to her child.








Mother
timely filed an unverified motion for new trial, alleging that the evidence was
legally and factually insufficient to terminate her rights, that there was
newly discovered evidence, and that she had signed the affidavit of
relinquishment as the result of coercion, duress, undue influence, and
overreaching by The Gladney Center.[2]  The trial court conducted a hearing on Mother=s
motion for new trial and granted it without stating a reason.  Later, while this mandamus proceeding was
pending, the trial court signed an amended order granting a new trial on the
ground that Mother did not receive proper notice of the termination proceeding.

The
Gladney Center seeks mandamus relief from the trial court=s
order granting a new trial.  The Gladney
Center claims that Mother=s affidavit of
relinquishment is irrevocable, that Mother waived all notice of the termination
proceeding, that Mother submitted no evidence at the new trial hearing, that
the trial court abused its discretion by granting a new trial, and that The
Gladney Center has no adequate remedy at law because it is entitled to
enforcement of Mother=s irrevocable affidavit of
relinquishment and the waiver provisions therein.








Texas
Family Code section 161.103 sets forth the requirements of an affidavit of
voluntary relinquishment.  Tex. Fam. Code
Ann. '
161.103 (Vernon 2008).  Section
161.103(e) provides that an affidavit of relinquishment that designates a
licensed child-placing agency, like The Gladney Center, as the child=s
managing conservator Ais irrevocable.@  Id. '
161.103(e).[3]  The family code specifically authorizes a
parent executing a voluntary affidavit of relinquishment to waive, in the
affidavit of relinquishment, process in the subsequent termination suit.  Id. 
And finally, section 161.211(c) provides that a direct or collateral
attack on an order terminating parental rights based on an unrevoked affidavit
of relinquishment of parental rights is limited to issues relating to fraud,
duress, or coercion in the execution of the affidavit.  Id. ' 161.211(c)
(Vernon 2008).

Mother
signed an irrevocable affidavit of relinquishment under 161.103(e).  That affidavit also provided:

I FREELY AND VOLUNTARILY
WAIVE AND GIVE UP MY RIGHT TO THE ISSUANCE, SERVICE, AND RETURN OF CITATION,
NOTICE, AND ALL OTHER PROCESS IN THE TERMINATION LAWSUIT.  I waive and give up my right to be given notice
about any proceedings in the termination lawsuit.  I agree that The Gladney Center may amend its
petition at any time without notice to me. I agree that hearings may be held in
the termination lawsuit at any time without notice to me.  I do not want to be informed about the
termination lawsuit, and I waive and give up my right to be given notice about
anything going on in the lawsuit.  I
fully understand that I will not be further informed about the termination of
parental rights suit.  I SPECIFICALLY
AGREE THAT A FINAL HEARING IN THE TERMINATION LAWSUIT MAY BE HELD AT ANY
TIME.  I DO NOT WISH TO RECEIVE A COPY OF
THE FINAL JUDGMENT.








The trial court=s
amended order granting a new trial indicates that the trial court granted a new
trial because it found Athat The Gladney Center did
not give [Mother=s attorney] notice of the
scheduled termination trial, violating [Mother=s]
right to due process.@








The
provision in Mother=s affidavit of
relinquishment waiving process in the termination suit is expressly authorized
by the family code.  See id.
' 161.103(c)(1)
(AThe
affidavit may contain:  (1) a waiver of
process in a suit to terminate the parent-child relationship . . . .@); see
also In re C.T., 749 S.W.2d 214, 215B16
(Tex. App.CSan
Antonio 1988, no writ).  Such a waiver of
process is binding on Mother absent pleading and proof relating to fraud,
duress, or coercion in the execution of the affidavit.  See Tex. Fam. Code Ann. '
161.211(c) (limiting attacks on termination judgment based on affidavit of
voluntary relinquishment to issues relating to fraud, duress, or coercion in
the execution of the affidavit); Brown v. McLennan Co. CPS, 627 S.W.2d
390, 393B94
(Tex. 1982) (upholding statutory waiver of process provision against
constitutional challenge); C.T., 749 S.W.2d at 217; see also In re
Prudential, 148 S.W.3d 124, 132 (Tex. 2004) (orig. proceeding) (holding
contractual jury waiver binding on party absent evidence waiver was not
knowingly and voluntarily executed). 
Mother offered no evidence at the motion for new trial hearing.  Consequently, no evidence exists on the
issues of fraud, duress, or coercion in Mother=s
execution of her affidavit of voluntary relinquishment.  In the absence of such evidence, the trial
court abused its discretion by granting a new trial based on lack of notice to
Mother when she expressly waived such notice in her affidavit of voluntary relinquishment.

We conditionally grant the writ of mandamus
requested by The Gladney Center.  The
trial court shall immediately set aside the March 19, 2010 order granting a new
trial and the April 9, 2010 amended order granting a new trial.  The writ will issue only if the trial court
fails to do so.  Once the trial court
sets aside the March 19, 2010 order granting a new trial and the April 9, 2010
amended order granting a new trial, our stay order of April 7, 2010 is ordered
dissolved.

 

SUE
WALKER

JUSTICE

 

PANEL:  WALKER and MCCOY, JJ.

 

DELIVERED:  May 20, 2010

 











[1]See Tex. R. App. P.
47.4.





[2]Mother also filed a
verified, amended motion for new trial, but it was not timely because it was
not filed within thirty days of the termination judgment.  See Tex. R. Civ. P. 329b(a) (requiring
motion for new trial to be filed within thirty days of the judgment).





[3]Section 161.103(g)
sets forth procedures to revoke an affidavit of relinquishment, but this
subsection applies only to relinquishments that are revocable.  Id. ' 161.103(g).  And even when an affidavit of relinquishment
is revocable, it must be revoked within ten days of the date on which the
affidavit is executed.  Id. ' 161.1035 (Vernon
2008).